Billy TYLER, Appellee,

v.

Tom BARTON and Frank O. Gunter, Appellants.

No. 89–2045.

United States Court of Appeals, Eighth Circuit.

Submitted April 5, 1990.

Decided April 26, 1990.

Mark D. Starr, Lincoln, Neb., for appellants.

Billy Tyler, pro se.

Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge and BEAM, Circuit Judge.

PER CURIAM.

Billy Tyler, a parolee from the Nebraska prison system, brought this action against his parole officer, Ms. Joni Minor, and Nick Combs, Tom Barton, and Frank O. Gunter, personnel of the Omaha Correctional Center (OCC), seeking damages and injunctive relief for an alleged violation of his civil rights under 42 U.S.C. § 1983. Tyler claimed his constitutional rights suffered invasion when, for drug testing purposes, his parole officer and employees of the OCC required him to urinate in a bottle in the presence of OCC employee Tom Barton.

The district court denied the OCC personnel's summary judgment motion on the damages claim and they appeal, contending that they are entitled to dismissal on grounds of qualified immunity. We agree and reverse and remand for further proceedings.

## I. BACKGROUND

The undisputed underlying facts establish that as a standard condition of his parole status, Billy Tyler was obligated to submit to narcotic, drug and alcohol testing. At the direction of parole officer Joni Minor, Tyler reported to the OCC on May 25, 1988, to give a urine specimen. In accord with OCC procedures, OCC unit supervisor Tom Barton followed Tyler to the bathroom and observed Tyler as he gave his sample.

On June 3, 1988, Tyler filed this pro se complaint against Joni Minor, Tom Barton, Nick Combs and Frank O. Gunter, claiming Barton's observation of him violated his constitutional rights. Tyler sought one million dollars in damages and an injunction against any future visual observations while furnishing urine samples.

Following dismissal of Minor and Combs as parties,[1] Barton and Gunter moved for summary judgment on the merits and asserted entitlement to qualified immunity. The district court denied the motion and this appeal followed.

## II. DISCUSSION

■ Initially, we observe that we may hear this appeal from an interlocutory order denying state officials their claim of qualified immunity from an award of money damages. *Mitchell v. Forsyth,* 472 U.S. 511, 525, 105 S.Ct. 2806, 2814, 86 L.Ed.2d 411 (1985). Normally, a denial of summary judgment is not reviewable as a final order and can only be appealed at the conclusion of the case on merits. *Wright v. South Arkansas Regional Health Center, Inc.,* 800 F.2d 199, 202–03 (8th Cir.1986). An exception exists, however, where a court denies summary judgment on the issue of qualified immunity because qualified immunity provides *"immunity from suit* rather than a mere defense to liability." *Mitchell,* 472 U.S. at 526, 105 S.Ct. at 2815. Furthermore, this appeal may be taken notwithstanding that Tyler's claims included a demand for injunctive relief as well as damages. *Drake v. Scott,* 812 F.2d 395, 398 (8th Cir.), *modified on other grounds,* 823 F.2d 239 (8th Cir.), *cert. denied,* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987).

■ Generally, prison officials may rely on a claim of qualified immunity to shield themselves from liability. *Brown v. Frey,* 889 F.2d 159, 165 (8th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 1156, 107 L.Ed.2d 1059 (1990). This reliance is unavailable, however, in situations where: (1)

---

1. In his Report, Recommendation and Order, United States Magistrate David L. Piester of the District of Nebraska determined that the claims against Nick Combs and Joni Minor were insufficient to serve as a basis for a claimed deprivation of constitutional rights and, accordingly, held that only Tom Barton and Frank O. Gunter were required to respond to Tyler's complaint. The Magistrate granted Tyler leave to amend his complaint to add allegations against Combs and Minor. Because Tyler did not amend his complaint, Combs and Minor were dismissed from this suit.

the officials' conduct violates a clearly established statutory or constitutional right; (2) the officials knew or should have known the right was clearly established; and (3) the officials knew or should have known their conduct violated that right. *Id.; see also, Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Arnold v. Jones,* 891 F.2d 1370, 1372 (8th Cir.1989).

■ To be clearly established, "the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Where there is a legitimate question whether a particularized constitutional right exists under the facts of the case, the actions taken by prison officials cannot constitute a violation of clearly established law. *Brown,* 889 F.2d at 165.

■ In this case, Tyler established no clear constitutional right to be free from visual inspection during urine testing for possible drugs in his system. Persons convicted of crimes, including prisoners, probationers and parolees, while retaining some fourth amendment rights, are subject to greater restrictions on their freedom than ordinary individuals. *Griffin v. Wisconsin,* 483 U.S. 868, 874, 107 S.Ct. 3164, 3168, 97 L.Ed.2d 709 (1986); *Bell v. Wolfish,* 441 U.S. 520, 540–41 n. 23, 99 S.Ct. 1861, 1874–75 n. 23, 60 L.Ed.2d 447 (1979); *Morrissey v. Brewer,* 408 U.S. 471, 480–82, 92 S.Ct. 2593, 2599–2601, 33 L.Ed.2d 484 (1972); *Goff v. Nix,* 803 F.2d 358, 361–63 (8th Cir. 1986), *cert. denied,* 484 U.S. 835, 108 S.Ct. 115, 98 L.Ed.2d 73 (1987).

■ The affidavits submitted in support of Barton and Gunter's summary judgment motion indicate that visual monitoring of urine tests taken by parolees may be necessary to ensure a valid, uncontaminated and undiluted sample. The record also shows that the personnel of the OCC followed policies and practices of that institution. The visual monitoring of urinalysis subjects in the process of giving a urine sample is not an unusual procedure for persons in a position similar to Tyler's. *See United States v. Burton,* 866 F.2d 1057, 1059–60 (8th Cir.1989).

At a minimum, a legitimate question may exist whether Tyler possessed a right to be free from visual observation while furnishing a urine sample. Thus, we conclude that Barton and Gunter did not violate any clearly established constitutional right. Accordingly, the doctrine of qualified immunity applies to Barton and Gunter.

## III.  CONCLUSION

We reverse the order of the district court denying summary judgment on Tyler's damages claim against Barton and Gunter and remand for further proceedings on the still unresolved issue of Tyler's claim for injunctive relief.