**UNITED STATES of America, Appellee,**

v.

**Terrell Leonard OLIVER, Appellant.**

**No. 90–5387MN.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1991.

Decided April 18, 1991.

---

Craig S. Davis, Minneapolis, Minn., for appellant.

Jeffrey S. Paulsen, Minneapolis, Minn., for appellee.

Before MAGILL, BEAM and LOKEN, Circuit Judges.

MAGILL, Circuit Judge.

Terrell Leonard Oliver appeals from the sentence imposed on him by the district court[1] after he violated the terms of his supervised release. In a case of first impression, Oliver challenges the use of drug test results to revoke his release. He also challenges the length of his sentence and the amount of credit he received for time served. Following the Seventh and Ninth Circuits, we affirm the drug testing requirement. We also affirm the sentence, and dismiss without prejudice the claim on credit for time served.

## I.

After Oliver was convicted of possessing stolen mail, the district court, on June 2, 1989, sentenced him to fourteen months' imprisonment to be followed by thirty-six months of supervised release. Because Oliver's crime was motivated in part by his drug dependency, two of the conditions of his supervised release were that he complete a drug testing program and that he submit to drug testing by his probation officer.

After his release from prison, Oliver violated the conditions of his supervised release many times. In particular, Oliver tested positive for cocaine and THC on numerous occasions. Furthermore, he repeatedly failed to show up for his treatment sessions.

After a hearing, on July 24, 1990, the district court found that Oliver had breached the conditions of his supervised release. The district court also found that Oliver had possessed controlled substances. Based on these findings, the district court revoked Oliver's supervised release and sentenced him to eighteen months' imprisonment. The district court recommended that the sentence be served at a federal medical facility, where Oliver could receive drug treatment.

## II.

### A. Drug Test Results

Oliver first argues that the results of his drug tests should have been excluded

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

from his supervised release revocation hearing because the drug tests constituted an unreasonable search in violation of the fourth amendment. Although this court has not addressed the precise issue Oliver raises, we have concluded that "[p]ersons convicted of crimes, including prisoners, probationers and parolees, while retaining some fourth amendment rights, are subject to greater restrictions on their freedom than ordinary individuals." *Tyler v. Barton,* 901 F.2d 689, 691 (8th Cir.1990) (per curiam). Two of our sister circuits have expressly held that the drug testing of a probationer does not violate the fourth amendment where the probationer has a history of drug abuse. *See United States v. Duff,* 831 F.2d 176, 179 (9th Cir.1987); *United States v. Williams,* 787 F.2d 1182, 1186 (7th Cir.1986) (per curiam).

In this case, at the time of Oliver's original fourteen-month sentence, he admitted that he was a drug addict who stole checks from the mail to finance his addiction. Drug testing as a condition of supervised release was appropriate under these circumstances. Therefore, the drug tests did not violate Oliver's fourth amendment rights and the district court properly considered their results in deciding to revoke his supervised release.

### B. Sentence on Revocation

▉ Oliver next argues that because the sentence imposed on revocation of his supervised release, eighteen months, was longer than the fourteen-month sentence for his underlying conviction, the sentence on revocation was unreasonable. In making this argument, Oliver assumes that the sentencing guidelines applicable to his conviction for possession of stolen mail apply to his sentence on revocation as well. Oliver is incorrect. In fact, there are no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's options in such a situation:

(a) Upon a finding of a violation of supervised release involving new criminal conduct, other than criminal conduct constituting a petty offense, the court shall revoke supervised release.

(b) Upon a finding of a violation of supervised release involving conduct other than conduct under subsection (a), the court may: (1) revoke supervised release; or (2) extend the term of the supervised release and/or modify the conditions of supervised release.

U.S.S.G. § 7A1.3, p.s. (Nov.1989).

Even though the guidelines do not address what sentence should be imposed on revocation, 18 U.S.C. § 3583 (1988) does. Section 3583(e)(3) provides that if a defendant is found to have violated the conditions of supervised release, the court may "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision." The district court thus could have sentenced Oliver to a maximum of three years, his term of supervised release. The minimum sentence the district court could have imposed on Oliver was one year: "If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release." 18 U.S.C. § 3583(g). Therefore, the sentence the district court imposed in this case, eighteen months, was reasonable and well within the statutory limits. *See also United States v. Smeathers,* 930 F.2d 18, 19 (8th Cir.1991) (upholding sentence on revocation of supervised release that was longer than initial sentence).

### C. Credit for Time Served

Oliver also argues that the government has not properly credited him for time served. The issue arose after Oliver's sentence was revoked, and the record is accordingly devoid of the information required to decide the claim. At oral argument, the government informed this court that Oliver has an administrative remedy under 28 C.F.R. § 542 (1990). Therefore, the claim is not properly before us, and we dismiss it without prejudice.

## III.

For the foregoing reasons, the district court's imposition of sentence is affirmed.