**UNITED STATES of America, Appellee,**

v.

**Norman William SMEATHERS, Appellant.**

**No. 90–2634.**

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1991.

Decided April 11, 1991.

Rehearing Denied June 5, 1991.

Robert S. Hatala, Cedar Rapids, Iowa, for appellant.

Rodger E. Overholser, Cedar Rapids, Iowa, for appellee.

Before JOHN R. GIBSON, BOWMAN and LOKEN, Circuit Judges.

PER CURIAM.

Norman William Smeathers appeals his sentence of two years imprisonment imposed by the district court[1] under 18 U.S.C. § 3583(e) upon revocation of his supervised release. We affirm.

Smeathers was originally convicted of being a felon in possession of a firearm, and was sentenced to fourteen months imprisonment and three years supervised release. In March 1990, while on supervised release, Smeathers was charged by the state of Iowa with domestic abuse and interference with official acts, and the United States initiated these revocation proceedings. Following a hearing, the district court found violations of Smeathers' supervised release, including the commission of new criminal conduct other than a petty offense, and revoked his supervised release. *See* U.S.S.G. § 7A1.3(a) (1987). In accordance with 18 U.S.C. § 3583(e), the district court considered the factors listed in 18 U.S.C. § 3553(a) to determine the revocation sentence. To guard against unwarranted sentence disparity, the court also considered the sentencing range under the Guidelines for the new criminal conduct.

---

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

The court then concluded that a sentence of two years was appropriate in order to deter Smeathers from further criminal conduct and to protect the public from further crimes.

On appeal Smeathers argues that the district court incorrectly focused on the revocation conduct rather than the original offense in applying the section 3553 factors. Having reviewed the record, however, we conclude that the district court properly considered those factors, that the sentence imposed was within the maximum provided under § 3583(e)(3), and that the district court did not abuse its discretion. *See United States v. Graves*, 914 F.2d 159, 161 (8th Cir.1990). Smeathers also argues that imposition of the two-year sentence will result in his serving a sentence greater than the maximum Guidelines sentence for the original offense, in violation of his due process rights. This argument is without merit. *See United States v. Dillard*, 910 F.2d 461, 466–67 (7th Cir.1990) (no error in setting revocation sentence at term exceeding maximum Guidelines sentence for original offense); *United States v. Celestine*, 905 F.2d 59 (5th Cir.1990) (Congress has authorized two separate punishments; imprisonment for violation of supervised release term does not extend primary prison term).

Accordingly, we affirm.