On the basis of the foregoing, the Court concludes that plaintiffs' motion to dismiss for lack of subject matter jurisdiction should be granted.

**UNITED STATES of America, Plaintiff,**

v.

**Dale Everett WHITE, Defendant.**

No. 90–00060–01–CR–W–6.

United States District Court,
W.D. Missouri, W.D.

Aug. 27, 1991.

Michael Green, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

Willis L. Toney, Esposito & Toney, Kansas City, Mo., for defendant.

MEMORANDUM AND ORDER

SACHS, Chief Judge.

One year ago the 25 year old defendant appeared before the court for sentencing pursuant to an earlier plea of guilty to possession of counterfeit obligations of the United States. The guideline for imprisonment was two to eight months. The court imposed three years probation and a fine, but as a special condition of supervision required defendant to reside in a local halfway house for three months on a work-release program.

On April 1, 1991, the court received a violation report from the Probation office with "no adverse action recommended." The report indicated that defendant had previously been admonished on October 1, 1990, for alleged alcohol abuse incidents during the period of his confinement in the halfway house. The report further informed the court of urine specimens on December 3, 1990, and March 7, 1991, testing positive for the presence of marijuana. A Probation Office letter of warning was issued to defendant on April 1, 1991.

On July 10, 1991, a second violation report was received, recommending a warrant, which was executed. This report indicated a minor traffic collision on July 18, 1991, where defendant was charged with driving while under the influence of intoxi-

cating liquor. Such conduct, if true, would violate a special condition of probation, adopted because the original presentence report showed charges of driving under the influence in 1986, 1987, and twice in 1988, all of which were nol prossed or prosecuted under reduced charges, resulting in probation.

Defendant was arrested and remains in custody. At a revocation hearing, upon hearing evidence, the court concluded that the current charges are true. It was also concluded that the intoxication incident on July 18 was relatively minor, in that family members had seen defendant in much worse condition, and his conduct after the collision was rational and apparently controlled. The court also concluded that the earlier urine tests showed violations of probation by using marijuana on at least two occasions during the past year.

Resentencing presents difficult and novel legal problems. Government counsel, defense counsel and I agree that under the sentencing guidelines there is a Grade C violation, because drug possession is not classified as a Grade A violation unless there is evidence of intent to distribute, which is absent here. The guidelines call for imprisonment from 4–10 months, but with home confinement as an allowable substitute. In this case, however, the guidelines for the original offense are to be applied. *United States v. Von Washington*, 915 F.2d 390 (8th Cir.1990).

The Probation Office points out that it could be argued that a one year mandatory period of imprisonment is required by statute where, as here, probation was for three years. *See United States v. Oliver*, 931 F.2d 463 (8th Cir.1991). While it is conceivable that a lengthy period of confinement would be helpful to defendant, in shaking his serious alcohol abuse problem, and what appears to be a minor drug problem, such a result would grossly violate common sense as a form of punishment, if driven, as the Probation Office suggests, by two instances of marijuana usage. Such usage was noted to the court on April 1, 1991, but with a recommendation against taking any action whatsoever.

There is statutory language arguably requiring revocation in *every* instance of a "dirty urine." As the Third Circuit recently observed, such a departure from past practice would create horrendous practical problems for the federal prison system as well as injustice for individuals. *United States v. Blackston*, 940 F.2d 877 (3d Cir. 1991). The court noted that "the government does not suggest that subsection (g) (to 18 U.S.C. § 3583) requires the revocation of supervised release every time a defendant submits a urine sample that tests positive for drug use. Rather, the government acknowledges that probation officers retain broad discretion to decide whether to commence a revocation proceeding...." The courts have not ruled, however, whether the district judges are mandated to revoke probation when they have found in a revocation proceeding that a contaminated urine sample indicates drug possession. Cases like *Oliver* suggest that a lengthy prison sentence is required in such cases, if probation officers elect to recommend a revocation proceeding.[1]

A strong possibility exists that common sense disappears and that a Congressional mandate is triggered whenever revocation proceedings are authorized. A saving feature, however, in my judgment, for this particular case, is the peculiar Congressional language mandating revocation and

---

1. The Congressional enactment may thus be counterproductive, causing neglect of repeated drug use violations because the punishment would be too severe. Because the discretion will be subject to erratic, individualistic application by probation officers and judges, the practice approved in *Blackston* is another significant departure from the objective of uniformity generally to be followed under the current sentencing legislation. With all due respect, it may be observed that the majority opinion in *Blackston* will also cause disparity in application of the drug possession standards for persons under supervision. One would suppose that a user's nominal possession of drugs either qualifies or does not qualify as a separate violation of conditions of supervision. A fact-finder has no standards by which to exercise the "discretion" conferred by the *Blackston* majority.

lengthy imprisonment in simple possession cases (without intent to distribute). Such a result must follow from a judicial finding that the defendant *is* in possession of a controlled substance. Read literally, the language would require that the defendant carry drugs into the courtroom before it takes effect.[2] Read in accordance with probable Congressional intent, I believe the language is applicable when drug possession or use is the event that triggers a revocation proceeding. In other words, remote drug usage, unpunished except by a warning, will not be transformed into an event mandating lengthy imprisonment simply because, as here, it is listed as a violation in a proceeding triggered by something else (a drunk driving offense, in this case).

The statute being inapplicable, guideline sentencing will be followed.

The alternatives before the court are not attractive. Defendant appeals for work release so that he can continue to maintain his family without undue economic deprivation and because he can probably retain his employment if released this week, but not thereafter. Defendant is a very good and reliable skilled workman, however, despite his apparent inability to control his conduct during off-duty hours. This argues in favor of his ability to obtain satisfactory employment shortly after release from confinement.

Restoring defendant to probation with home confinement or halfway house confinement as a condition of probation has already been tried. Defendant needs stringent control, a significant taste of full confinement, and adequate incentive to force him to drop his alcohol habit and his occasional marijuana usage.

Probation is therefore revoked for violation of special conditions 3 and 4 (violations of state and local law, drunk driving and drug possession, in the sense used in the conditions of probation). Defendant is committed to the custody of the Bureau of Prisons for an additional period of 20 days, beginning this day, to be followed by a two year period of supervised release.

In addition to the standard conditions of supervision, the following special conditions are imposed:

1) Upon obtaining employment allowing defendant to pay the cost of home confinement, he shall begin a period of six weeks' electronically monitored home confinement, with work release;

2) Defendant shall not commit another federal, state, or local offense (including driving while intoxicated) during the term of supervision;

3) Defendant shall not possess illegal controlled substances, nor possess a firearm or destructive device;

4) Defendant shall successfully participate in an outpatient/inpatient treatment program, to include chemical testing, as deemed appropriate by the U.S. Probation Office;

5) Defendant shall not consume or possess alcoholic beverages or beer, including 3.2 percent beer, at any time; and

6) Defendant shall submit to breathalyzer or urinalysis testing at any time he is requested to do so by any law enforcement officer or probation officer to determine the presence of drugs or alcohol.

Except as modified herein, the prior sentencing provisions shall remain in effect. SO ORDERED.

2. "... [I]f a defendant is found by the court *to be* in possession of a controlled substance ... the court ... shall sentence the defendant to not less than one-third of the original sentence." 18 U.S.C. § 3565(a). *See also* 18 U.S.C. § 3583(g).