**UNITED STATES of America, Appellee,**

v.

**Orrin Lugard JONES, also known as O.J., Appellant.**

**No. 92–1021.**

United States Court of Appeals, Eighth Circuit.

Submitted June 8, 1992.

Decided Aug. 11, 1992.

---

Henry J. Shea, Minneapolis, Minn. (Thomas B. Heffelfinger, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Orrin Lugard Jones appeals the two-year sentence of imprisonment imposed by the district court[1] upon revocation of his supervised release. We affirm the district court.

## I.

In January 1989, the court sentenced Jones to two years and nine months' imprisonment and three years' supervised release for aiding and abetting the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). While imprisoned, he went through drug treatment for cocaine addiction at the Federal Medical Center at Rochester, Minnesota. Jones began serving his supervised release on December 6, 1990.

In November 1991, Jones' parole officer, Lester Harris, received a tip that Jones had not reported to work for several days and that he was selling and using cocaine. Acting on that tip, Harris went to Jones' residence on November 20. Jones appeared nervous and was sweating heavily. Harris explained the reason for his visit and attempted to calm Jones. After some discussion, Jones admitted that he had had some cocaine, that he had smoked some of it, and that he had intended to sell some of it. He claimed, however, that he no longer had the cocaine because he had flushed it down the toilet. Harris replied that he did not believe that Jones had flushed the remaining cocaine. Jones then gave Harris a package containing five ounces (140 grams) of cocaine and indicated that he desired treatment for his addiction.

Jones was arrested on November 26 for violating the terms of his supervised release. The district court held a revocation

Andrea K. George, Minneapolis, Minn. (Lara Hammel, on the brief), for appellant.

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

hearing on December 20. At the hearing, Jones admitted that he had possessed and used cocaine and that he had told his probation officer that he intended to distribute some of the cocaine. The district court revoked Jones' supervised release and sentenced him to two years' imprisonment pursuant to 18 U.S.C. § 3583(e)(3) (1988). Jones now appeals his sentence.

## II.

The statute governing the revocation of supervised release requires the court to "consider[ ]" certain factors listed in 18 U.S.C. § 3553(a) when determining what sentence to impose when revoking a term of supervised release. *See* 18 U.S.C. § 3583(e) (1988).[2] One of the factors to which the statute refers is "any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5) (1988). Under the United States Sentencing Guidelines (U.S.S.G.) Chapter 7 policy statements, the recommended sentence in Jones' case would be twelve to eighteen months. U.S.S.G. § 7B1.4(a), p.s. (Nov. 1, 1990).

▪ Jones' first argument is that because the district court is required to "consider[ ]" the Chapter 7 policy statements in its sentencing decision upon revocation of supervised release, *see* 18 U.S.C. § 3583(e), the court must treat the policy statements as if they were binding guidelines. When a court departs upward from a guidelines sentencing range, it is required to specifically explain the reasons for the upward departure. *United States v. Crumb*, 902 F.2d 1337 (8th Cir.1990); *see also* 18 U.S.C. § 3553(b). Jones contends that the district court erred in failing to adequately give reasons for its "upward departure" from the Chapter 7 recommended sentencing range.

▪ Jones' argument reveals a basic misunderstanding of the role the Chapter 7 policy statements fill. The introduction to Chapter 7 clearly reflects that the Sentencing Commission intended the Chapter 7 policy statements to be merely advisory.

At the outset, the Commission faced a choice between promulgating guidelines or issuing *advisory policy statements* for the revocation of probation and supervised release.... [T]he Commission decided, for a variety of reasons, initially to issue policy statements.... *[T]his approach provided greater flexibility to* both the Commission and *the courts.*

Moreover, the Commission anticipates that, because of its greater flexibility, the policy statement option will provide better opportunities for evaluation by the courts and the Commission.... After an adequate period of evaluation, the Commission intends to promulgate revocation guidelines.

U.S.S.G. Chapter 7, Part A 3(a) (Nov. 1991) (emphasis added); *see also United States v. Oliver*, 931 F.2d 463 (8th Cir.1991) ("There are no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's option in such a situation").[3] Because the Chapter 7 policy statements are not binding, the court is not required to make the explicit, detailed findings required when it departs upward from

---

**2.** That statute reads, in pertinent part:

**(e) Modification of conditions or revocation.**—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)—

....

(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release ... if it finds by a preponderance of the evidence that the person violated a condition of supervised release ... except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony....

18 U.S.C. § 3583(e)(3) (1988).

**3.** The fact that the Commission has clearly indicated that the Chapter 7 policy statements are meant to be advisory distinguishes them from U.S.S.G. § 5K1.1 (policy statement). In *United States v. Kelley*, 956 F.2d 748 (8th Cir.1992) (en banc), we held that § 5K1.1 was binding on the courts. There is no similar indication from the Commission, however, that § 5K1.1 was not intended to be binding.

a binding guideline. *See United States v. Blackston,* 940 F.2d 877, 893 (3d Cir.) (when working with Chapter 7 policy statements, district court not required to justify decision to impose sentence outside of prescribed range by finding aggravating factor warranting upward departure under 18 U.S.C. § 3553(b)), *cert. denied,* — U.S. —, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991); *see also United States v. Graves,* 914 F.2d 159, 160 (8th Cir.1990) (per curiam) ("there is no requirement that the district court make specific findings relating to each of the factors considered"). Rather, the court is only required to "consider[ ]" the policy statements. *See* 18 U.S.C. § 3583(e). In this case, the district court explicitly considered several of the factors listed in the statute, including the Chapter 7 policy statements.[4] Because the court clearly considered the policy statements when determining Jones' sentence, the court did not err in imposing the two-year sentence under the statute.

■ Jones next argues that the district court erred because it did not take into account mitigating circumstances under 18 U.S.C. § 3553(b). This argument is meritless. The court is not required by § 3583 to consider anything under § 3553(b). Therefore, the fact that it did not do so cannot be error.

### III.

For the foregoing reasons, we affirm the sentence imposed by the district court.

---

**4.** The court explained its decision as follows:

Although the court considered the guideline's policy statements, it determined that a sentence greater than the range contained in the guidelines is appropriate under the circumstances, relying on the maximum penalty permitted under 18 U.S.C. § 3583(e)(3) and the factors listed in 18 U.S.C. §§ 3553 & 3583(e). The court examined the nature and circumstances of defendant's offense, his history and characteristics and found that revocation and a 24-month term of imprisonment is appropriate in light of the large amount of cocaine confiscated, defendant's admitted use of cocaine, his further admission to his probation officer that he intended to sell some of the cocaine and his prior conviction for the same offense. The court determined that the sentence is necessary to afford adequate deterrence to future criminal conduct and that the sentence will protect the public from further crimes by the defendant.

*United States v. Jones,* No. 4–88–79(1), slip op. at 2–3 (D.Minn. Dec. 20, 1991) (relying on *United States v. Smeathers,* 930 F.2d 18, 18–19 (8th Cir.1991) (per curiam)).