986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Norman William SMEATHERS, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 91-2860.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 13, 1993.
Filed: January 20, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Norman William Smeathers appeals the district court's[1] order denying his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. We affirm.
 
 
 2
 While Smeathers was on supervised release from a federal sentence, the State of Iowa charged him with domestic abuse and interference with official acts occurring on March 15, 1990. The state court dismissed the charges but revoked Smeathers's probation on a prior burglary conviction and ordered him to serve the previously suspended sentence.
 
 
 3
 The government initiated proceedings to revoke Smeathers's supervised release, citing the state law violations and Smeathers's failure to obtain employment and support his dependents, as required under the conditions of his supervised release. In September 1990, the court held a hearing and found that Smeathers had violated Iowa law prohibiting interference with official acts, which was a serious misdemeanor and not a petty offense, and that Smeathers had failed to work and to support his dependents. The court concluded that Smeathers had violated the conditions of his supervised release, revoked the supervised release, and sentenced Smeathers to twenty-four months imprisonment to run consecutively to the reinstated state sentence for burglary. This court affirmed on direct appeal. United States v. Smeathers, 930 F.2d 18, 18-19 (8th Cir. 1991) (per curiam).
 
 
 4
 Smeathers then filed the instant petition, in which he challenged the court's finding that his conduct justified revocation of his supervised release. He also argued that the court placed him in double jeopardy by sentencing him consecutively to the state sentence. The court dismissed Smeathers's petition. This appeal followed, in which Smeathers essentially reasserts his claims; he also argues that he was denied the right to present evidence and cross-examine witnesses, and that he received ineffective assistance of counsel.
 
 
 5
 Some of Smeathers's claims could have been raised on direct appeal from the revocation of his supervised release, see Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (section 2255 not substitute for appeal), and others are raised for the first time in this appeal, see Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.) (issues not raised below generally not considered on appeal), cert. denied, 471 U.S. 1126 (1985). In any event, all of Smeathers's claims fail on their merits. The district court's findings on the supervised release violations were not clearly erroneous. See United States v. Haren, No. 91-1282, slip op. at 12 (8th Cir. Dec. 20, 1991). Based on those findings, the court correctly concluded that Smeathers's March 15 conduct was not a petty offense. See Iowa Code Ann. §§ 903.1(1)(b), 719.1 (West Supp. 1991); 18 U.S.C. §§ 3559(a), 19. Thus, the court properly revoked Smeathers's supervised release under the Guidelines applicable at the time of the revocation hearing. See U.S.S.G. § 7A1.3, p.s. (Nov. 1989; repealed Nov. 1990). The district court correctly noted that Smeathers's reliance on U.S.S.G. § 7B1.3, p.s. (Nov. 1990) was misplaced because that section was not in effect at the time of the revocation hearing.
 
 
 6
 Smeathers's ineffective assistance claim fails because he has not shown that counsel performed deficiently or that he was prejudiced by the alleged deficiencies. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Smeathers's double jeopardy claim also fails. See 18 U.S.C. § 3584(a); United States v. Olivares-Martinez, 767 F.2d 1135, 1139 (5th Cir. 1985); United States v. Dennis, 926 F.2d 768, 769 (8th Cir. 1991) (per curiam). Having reviewed the record, we conclude that Smeathers's remaining claims are without merit.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE DAVID R. HANSEN, United States District Judge for the Northern District of Iowa