5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of AMERICA, Appellee,
v.
Vicki Carol GARDNER, also known as Lucille St. Clair, also
known as Linda Cook, Appellant.
 No. 93-1969.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 31, 1993.
Filed: September 9, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vicki Carol Gardner appeals two eight-month concurrent sentences imposed upon revocation of her supervised release, arguing that the district court[1] erred in determining that it lacked discretion to find that she did not possess cocaine for purposes of 18 U.S.C. Sec. 3583(g). We affirm.
 
 
 2
 Gardner pleaded guilty to uttering a forged United States Treasury check and unlawfully possessing a Missouri food stamp card. The district court sentenced her to six months in prison and two years of supervised release. Subsequently, the government petitioned the court to revoke Gardner's supervised release, alleging drug abuse violations of her release conditions.
 
 
 3
 At the revocation and sentencing hearing, Gardner did not contest the alleged violations of her supervised release conditions. The district court noted that if Gardner "possessed" rather than merely "used" cocaine, it must "terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release." Sec. 3583(g). Because Gardner admitted using cocaine and had submitted positive urine samples, the court found possession for purposes of Sec. 3583(g) and sentenced her to the eight-month concurrent prison terms.
 
 
 4
 On appeal, Gardner argues that the district court misperceived the extent of its discretion. We disagree. Although the court acknowledged that Application Note 5 to U.S.S.G. Sec. 7B1.4 could be read as eliminating discretion if there was evidence of possession in addition to positive drug tests, such as Gardner's admission, the court ruled that it did have discretion in this case and found that Gardner had possessed cocaine. Once it found possession, the district court was required to sentence Gardner to one-third of her original supervised release term. See United States v. Oliver, 931 F.2d 463, 464-65 (8th Cir. 1991).
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri