7 F.3d 1043
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Joe UNKEL, Appellant.
 No. 92-3768.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 13, 1993.
Filed: October 8, 1993.
 
 Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joe Unkel appeals the three-month prison sentence imposed on him by the district court[1] after he violated the terms of his supervised release. Although he admitted that he violated several terms, he argues that, because he gave reasonable explanations for his violations and otherwise substantially complied with the terms, the district court abused its discretion in revoking his supervised release and in imposing the prison sentence. We affirm.
 
 
 2
 Pursuant to a plea agreement, Unkel pleaded guilty to one count of converting mortgaged grain, in violation of 15 U.S.C. § 714m(c) (1988), and a second similar count was dismissed. On May 16, 1990, the district court sentenced Unkel to four months imprisonment and two years supervised release. In addition to the standard conditions of supervised release, the court ordered, as a special condition, that Unkel serve the first four months of his release on home confinement. He was ordered to remain inside the house where he lived except when performing his regular occupation or when given specific authority to be elsewhere. The court also ordered, as special conditions of the supervised release, that Unkel pay restitution in the amount of $66,042.20 according to a schedule developed by the United States Probation Office, and that Unkel pay prosecution costs in the amount of $70.
 
 
 3
 On February 19, 1992, the Probation Office filed a petition to revoke Unkel's supervised release, stating that Unkel began his period of home detention on January 27, 1992, and that since that time, Unkel had had several curfew violations and had made no restitution payments. At a hearing held on April 14, 1992, Unkel admitted the violations. The district court denied the petition, but modified Unkel's period of home confinement from four months to seven months.
 
 
 4
 On October 8, 1992, the Probation Office filed a second petition to revoke Unkel's supervised release, alleging that Unkel had violated his release terms by failing to submit monthly progress reports, by violating his curfew on several occasions, by moving his electronic monitoring equipment into a new residence without prior approval, and by failing to make restitution payments as required. Another hearing was held on November 17, 1992, and Unkel again admitted to these violations. He indicated that he had been doing his best to make restitution payments; he moved his electronic monitoring equipment into a new residence because his old residence had been sold and the new tenants moved all of his personal property out of the house; he violated his curfew because of the demands of his job harvesting corn; and he did not file the progress reports because he did not have any money, and he therefore did not think he "had anything to report." The district court determined that Unkel had violated the terms of his supervised release, that such conduct was a Grade C violation under the Sentencing Guidelines, that his supervised release should be revoked and a prison term imposed, and that the Guidelines revocation table called for a prison term of three to nine months. See U.S.S.G. §§ 7B1.1(a)(3), 7B1.3(a)(2) and (b), and 7B1.4(a), p.s. (1992). The court imposed a three-month prison term.
 
 
 5
 The district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that the defendant violated the terms of his or her supervised release. U.S.S.G. § 7B1.3(a)(2); 18 U.S.C. § 3583(e)(3) (1991 Supp. III); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992); United States v. Hall, 984 F.2d 387, 390 (10th Cir.), cert. denied, 113 S. Ct. 2942 (1993). Unkel admitted that he had not complied with the terms of his release.
 
 
 6
 Unkel argues that the district court failed to consider mitigating circumstances. Although his discussion is very sketchy, as we understand his argument, we have already rejected it in United States v. Jones, 973 F.2d 605, 608 (8th Cir. 1992).
 
 
 7
 Unkel further argues that the district court abused its discretion in imposing incarceration upon revoking supervised release. He argues that the district court did not consider the alternatives available to it outlined in U.S.S.G. § 7B1.3(c)(1), p.s., and that the three months sentence was excessive, even though that was the minimum sentence recommended in the policy statement. U.S.S.G. § 7B1.4(a).
 
 
 8
 The entire subject of revoking supervised release is covered in Chapter 7 in the Guidelines Manual, and this chapter and all its sections are policy statements. Because Unkel's sentence was imposed as a result of revocation for which there was no sentencing guideline, but a policy statement, our inquiry is simply whether the action is "plainly unreasonable". 18 U.S.C. § 3742(a)(4) (1988); United States v. Blackston, 940 F.2d 877, 894 (3d Cir.), cert. denied, 112 S. Ct. 611 (1991). The policy statement recommends a prison sentence of three to nine months in cases like this one involving Grade C violations and a criminal history category of I. U.S.S.G. § 7B1.4(a), p.s. The sentence imposed was the minimum sentence in the range. Before imposition, the district court referred to the second chance at supervised release given Unkel when he admitted to violating the terms and conditions of supervised release on an earlier occasion. We cannot conclude that the sentence imposed was "plainly unreasonable." See 18 U.S.C. § 3742(a)(4).
 
 
 9
 We affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska