16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Bennie JOHNSON, Appellant.
 No. 93-3601.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 4, 1994.
Filed: February 10, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bennie Johnson appeals his 21-month sentence imposed upon revocation of his supervised release, arguing the district court[1] erred in determining it was required to find that he possessed a controlled substance based on a positive urinalysis. We affirm.
 
 
 2
 Johnson was convicted of distributing heroin. The district court sentenced him to thirty-four months imprisonment and three years supervised release. In November 1992, Johnson began serving his supervised release. The government later petitioned the court to revoke Johnson's supervised release, alleging, among other things, drug abuse violations of his release conditions.
 
 
 3
 At the final revocation hearing, the government contended that Johnson had failed to attend drug counselling sessions, missed "surprise urine drops," and tested positive for codeine and morphine in January 1993 and for morphine in March 1993. Although Johnson admitted he had two positive urinalyses, he did not admit he possessed a controlled a substance. He urged the court to find a Grade C violation,[2] modify his supervised release conditions, and send him to a four-month in-patient treatment program.
 
 
 4
 The district court concluded it was impossible, under the facts of this case, for Johnson to test positive without having possessed the drugs because there was no indication that someone "foisted them on him without his knowing it." It found that Johnson had violated a condition of his supervised release-that he not purchase, possess, or use narcotics-which was a Grade B violation. The court also determined Johnson had failed to report for regular or surprise urine drops or for scheduled counselling sessions. The court noted that, to grant Johnson's request for placement in a drug rehabilitation center, the court would have to re-examine its finding of drug possession and classify the offense as a Grade C violation. The court acknowledged it could do so, but nonetheless determined Johnson was a Grade B violator, revoked his supervised release, and sentenced him to 21 months imprisonment.
 
 
 5
 If a court finds that a defendant possessed a controlled substance while on supervised release, "the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release." 18 U.S.C. Sec. 3583(g). The Guidelines provide that the court has discretion to determine "whether evidence of drug usage established solely by laboratory analysis constitutes 'possession of a controlled substance' as set forth in 18 U.S.C. Sec. ... 3583(g)." U.S.S.G. Sec. 7B1.4, p.s., comment. (n.5).
 
 
 6
 Here, Johnson tested positive for drug use on several occasions. This court has upheld a district court's finding of possession based only on positive drug tests. See United States v. Oliver, 931 F.2d 463, 464-65 (8th Cir. 1991). Contrary to Johnson's contention, nothing in the record indicated that the district court felt constrained by law to find possession. Having carefully reviewed the record, we conclude the court knew it had discretion to find that Johnson had not possessed controlled substances and to order an in-patient drug treatment program, but believed such a program was not in Johnson's best interest.
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The court must revoke supervised release if it finds a Grade B violation; if the court finds a Grade C violation, it may choose whether to revoke supervised release or to modify the term or conditions of supervised release. U.S.S.G. Secs. 7B1.1(a), 7B1.3(a)