19 F.3d 24
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
William COADY, also known as John Williams, Appellant.
 No. 93-3754.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 25, 1994.
Filed: March 11, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Coady appeals his 11-month sentence imposed by the district court[1] upon revocation of his supervised release. We affirm.
 
 
 2
 In September 1992, Coady pleaded nolo contendere to the charge of making a false threat to blow up an aircraft in flight, in violation of 18 U.S.C. Secs. 35(b) and 32(a)(1). On September 24, 1993, the court sentenced him to 8 months imprisonment and three years supervised release. Because Coady had already served his sentence, he immediately began his period of supervised release.
 
 
 3
 On October 26, 1993, the government petitioned the court to revoke Coady's supervised release, alleging that he had refused to participate in the programming of a halfway house where he resided, and refused to permit an examination by mental health professionals who were to determine an appropriate treatment program.
 
 
 4
 At the revocation and sentencing hearing, Coady admitted the violation. The government recommended sentencing him to a period of incarceration within the advisory Guideline range, sending him to a mental health facility equipped to deal with his needs, and using his time of incarceration to develop a better supervised release plan. After consultation with Coady, his counsel advised the court that the suggested sentence was acceptable. The court sentenced Coady to 11 months imprisonment and two years supervised release, and strongly recommended that Coady be placed in the same United States Medical Center for Federal Prisoners where he previously had been treated.
 
 
 5
 On appeal, Coady argues that the district court erred in sentencing him to both imprisonment and supervised release, improperly combining alternatives under 18 U.S.C. Sec. 3583(e). He also argues the court erred in sentencing him to 11 months imprisonment when the Guideline range for his original offense was only 2 to 8 months imprisonment.
 
 
 6
 Coady's sentence of 11 months imprisonment and two years supervised release was less than his original three-year term of supervised release. We have held that under section 3583(e)(3), a district court may revoke supervised release and sentence a defendant "to a term of imprisonment followed by a term of supervised release, so long as the aggregate of these two terms is less than or equal to" the defendant's original term of supervised release. United States v. Stewart, 7 F.3d 1350, 1352-53 (8th Cir. 1993) (refusing to overrule United States v. Schrader, 973 F.2d 623, 624-25 (8th Cir. 1992)).
 
 
 7
 Coady's challenge to the district court's imposition of a prison term exceeding the sentencing range for his original offense is also meritless. See United States v. Oliver, 931 F.2d 463, 465 (8th Cir. 1991); United States v. Smeathers, 930 F.2d 18, 18-19 (8th Cir. 1991) (per curiam).
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska