No. 95-3658

United States of America,     *
                                *

               Appellee,    *

                           *   Appeal from the United States
       v.                    *   District Court for the
                           *   Eastern District of Missouri.
Carlton McIntosh,          *       [UNPUBLISHED]
                           *
            Appellant. *

Submitted:  March 12, 1996

Filed:  March 19, 1996

Before MAGILL, FLOYD R. GIBSON, and HEANEY, Circuit Judges.

PER CURIAM.

On July 5, 1994, Carlton McIntosh pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344.  He was sentenced to twelve months imprisonment to be followed by three years supervised release.  During his supervised release, McIntosh allegedly committed federal bank fraud.  The government sought revocation of his release for that violation as well as several minor violations.

At the revocation hearing, the government presented ample evidence that McIntosh violated the terms of his supervised release.  Two employees of the defrauded bank identified McIntosh as the man who opened an account under a false name and who attempted to deposit a check for $6,342.85.  The government also proffered the testimony of a store owner on whose account the check had been drawn.  He testified that the check was one of several he had ordered but had never received, and that he did not know

McIntosh. Based on the testimony, the district court found sufficient evidence that McIntosh committed bank fraud and thus violated the conditions of his supervised release; it therefore revoked his release and sentenced him to thirty-six months imprisonment.

McIntosh argues on appeal that the government did not prove a violation of federal law, only a possible state law violation, because no witnesses had testified that the Illinois bank was federally insured or chartered. Accordingly, he contends that the court should have considered the potential state law sentence for the violation in order to determine the appropriate penalty as set forth in the policy statements in Chapter 7 of the United States Sentencing Guidelines. See U.S.S.G. § 7B1.1 (violation classifications); § 7B1.4 (suggested penalties).

The district court chose not to impose the penalty suggested by the Guidelines for McIntosh's violation. As this court has previously stated, however, the Chapter 7 policy statements are merely advisory and non-binding on the district court. See United States v. Jones, 973 F.2d 605, 607 (8th Cir. 1992). Rather, under 18 U.S.C. § 3583(e)(3), the court imposed a term of imprisonment equal to the original time of supervised release, without any credit for the time already served. In support of its decision to impose the maximum term permitted under the statute for McIntosh's underlying felony conviction, the court specifically noted several of the factors set forth in 18 U.S.C. § 3553, including McIntosh's prior criminal history and the heightened need for deterrence in his case. Because the court did not abuse its discretion in determining, by a preponderance of the evidence, that McIntosh violated a condition of his supervised release, the revocation and three-year sentence were appropriate.

Accordingly, we affirm.

A true copy.

Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.