# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-3769

_____

United States of America,     *
                            *

       Appellee,            *
                            * Appeal from the United States

    v.                       * District Court for the
                            * Western District of Missouri.

Anthony Phillip Ontiveros,    *
                            * [UNPUBLISHED]

       Appellant.          *

_____

Submitted: February 28, 1997

Filed: March 6, 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

In December 1995, the district court[1] sentenced Anthony Phillip Ontiveros to time served and four years supervised release for conspiring to distribute cocaine and marijuana. Approximately two months after Ontiveros began his supervised release, the probation office petitioned the court to revoke his supervised release because he had violated his release conditions by failing to submit to a drug test and committing felony larceny. At the revocation hearing, Ontiveros admitted the violations. The court revoked Ontiveros's supervised release, departed from the Guidelines range of 8 to 14 months, and sentenced him to the

_____

[1]The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

statutory maximum 36 months imprisonment.  Ontiveros appeals, and we affirm.

The Guidelines provisions contained in Chapter Seven are advisory and non-binding, and the district court is free to depart from the Guidelines range when, in its considered discretion, such departure is warranted. See United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam). We review for an abuse of discretion a sentence imposed upon revocation of supervised release. See United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995).

We disagree with Ontiveros's assertion that the court departed from the Guidelines range because it did not want to impose an additional term of supervised release, and incorrectly thought the imposition of supervised release was mandatory if the court imposed a sentence within the Guidelines range. See 18 U.S.C. § 3583(h) (supervised release is discretionary); U.S. Sentencing Guidelines Manual § 7B1.3(g)(2), p.s. (1995) (same). We believe the court's statements at the revocation hearing indicate the court imposed the statutory maximum because it believed that the circumstances warranted a stiffer penalty than only a sentence within the Guidelines range, and that an additional term of supervised release following a term of imprisonment within the Guidelines range would be futile given Ontiveros's extensive criminal history and the short elapse of time between Ontiveros's release from custody and his return to criminal activity. Furthermore, we conclude the court did not abuse its discretion in imposing a three-year sentence. Cf. United States v. Smeathers, 930 F.2d 18, 18-19 (8th Cir. 1991) (per curiam) (concluding no abuse of discretion in imposition of sentence where, inter alia, district court believed sentence was appropriate to deter defendant from further criminal conduct and protect public from further crimes).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.