# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3354

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| David J. Gall, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 7, 1999

Filed: January 13, 1999

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

After David J. Gall pleaded guilty in the United States District Court[1] for the Northern District of Texas to unauthorized use of an access device, in violation of 18 U.S.C. § 1029(a)(2), the court sentenced him to 4 months' imprisonment followed by 4 months' confinement in a halfway house, and three years' supervised release. Gall's period of supervised release commenced in December 1995.

_____

[1]The Honorable Barefoot Sanders, United States District Judge for the Northern District of Texas.

Following transfer of jurisdiction of Gall's supervised release, the district court[2] revoked Gall's supervised release based on Gall's admissions that he had violated several supervised release terms. Rejecting Gall's alleged short-term drinking problem brought on by his father's death as a mitigating factor, the court sentenced him to 18 months' imprisonment and 18 months' supervised release. Gall now challenges his prison term, and we affirm.

We conclude that the district court did not abuse its discretion in sentencing Gall to 18 months' imprisonment, which was above the 4-10 month sentencing range recommended by the U.S. Sentencing Guidelines Manual. See 18 U.S.C. § 3583(e)(3); U.S. Sentencing Guidelines Manual § 7B1.4(a) (1998); United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (standard of review); United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam) (Chapter 7 Guidelines are advisory and nonbinding; district court may depart from revocation imprisonment range when, in its considered discretion, such departure is warranted). We reject Gall's argument that the district court was required to provide him with notice before imposing a sentence above the recommended sentencing range under Chapter 7. See United States v. Pelensky, 129 F.3d 63, 70-71 (2d Cir. 1997). We further reject Gall's argument that, because the district court considered his need for alcohol treatment in imposing sentence, the court was required first to develop a detailed factual record concerning his alcohol problem. See United States v. Jones, 973 F.2d 605, 607-08 (8th Cir. 1992).

The judgment is affirmed.

---

[2]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.