# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2978

_____

United States of America,                *
                                      *

          Appellee,             *

                                      *   Appeal from the United States

      v.                         *   District Court for the

                                      *   District of Nebraska.

Dean Thomas Tulley,            *

                                      *   [UNPUBLISHED]

          Appellant.            *

_____

Submitted:  January 29, 1999
Filed: April 5, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

While Dean Thomas Tulley was serving the supervised release portion of a sentence imposed on him by the district court[1] for a fraud offense, the court revoked Tulley's supervised release based on his admission to violating several supervised release conditions--including leaving his known address without notifying his probation officer, and remaining a fugitive for almost three years.  The court sentenced Tulley above the 8-14 month imprisonment range suggested under U.S. Sentencing Guidelines

_____

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

Manual § 7B1.4(a), p.s. (1998), to 24 months imprisonment and no further period of supervised release.  Tulley now challenges his revocation sentence, and we affirm.

After a thorough review of the record, we reject Tulley's argument that the district court failed to consider the applicable policy statements in Chapter 7 and the sentencing factors in 18 U.S.C. § 3553(a).  We also conclude the district court did not abuse its discretion in imposing the 24-month prison term.  See 18 U.S.C. § 3583(e)(3); United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (standard of review); United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam) (Chapter 7 Guidelines are advisory and nonbinding; district court may depart from revocation imprisonment range when, in its considered discretion, such departure is warranted).  We further reject Tulley's argument that the revocation imprisonment sentence was unreasonable because it exceeded his original sentence.  See United States v. Smeathers, 930 F.2d 18, 19 (8th Cir. 1991) (per curiam).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.