PER CURIAM.
Oris L. Morrison appeals the revocation sentence imposed on him by the .District Court[1] for the District of South Dakota after he pleaded guilty to five violations of his supervised release. The district court sentenced Morrison to 24 months imprisonment and no further supervised release. For reversal, appellant argues the district court erred in (1) sentencing him above the recommended imprisonment range provided for under U.S.S.G. § 7B1.4; (2) failing to consider the Chapter Seven policy statements; (3) considering his past conduct, more than his release violations, as a basis for the revocation; and (4) faffing to offer a reason for sentencing him above the recommended revocation range, in violation of 18 U.S.C. § 3553(c)(2) (court shall state reasons for particular sentence; if sentence is outside Guidelines range, court shall state specific reasons for that sentence). For the reasons discussed below, we affirm the judgment of the district court.
Given Morrison’s admission that he violated his supervised release, the district court was authorized to revoke his supervision and sentence him to up to 2 years in prison without credit for time served on supervised release, regardless of the recommended Chapter Seven Guidelines revocation range. See 18 U.S.C. § 3583(e)(3); United States v. Shaw, 180 F.3d 920, 922 (8th Cir.1999) (per curiam) (Chapter 7 serves non-binding, advisory role). We decline Morrison’s invitation to assume that the district court failed to consider the Chapter Seven policy statements: a supplemental presentence report which set forth the recommended revocation range was prepared for the district court before the revocation hearing, and the district court explicitly recognized that it had the option of sentencing Morrison to less than 24 months imprisonment. Further, the district court did not violate due process by considering Morrison’s past criminal conduct and criminal history, see 18 U.S.C. § 3583(e) (before revoking supervised release and imposing sentence, court must *197 consider factors set forth in, inter alia, 18 U.S.C. § 3553(a)(1) (factors to consider include history and characteristics of defendant)), and the district court did not violate section 3553(c)(2), see United States v. Jones, 973 F.2d 605, 607-08 (8th Cir.1992).
Accordingly, we affirm. We also grant counsel’s motion to withdraw.

. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.