# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1134

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| George D. Leisure, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: September 13, 2004
Filed: February 10, 2005

_____

Before RILEY, LAY, and SMITH, Circuit Judges.

_____

PER CURIAM.

This case was submitted to the court pursuant to *Anders v. State of California*, 386 U.S. 738 (1967). The issue on the merits related to whether the district court abused its discretion in finding that Defendant Leisure violated several conditions of supervised release, revoking the Defendant's supervised release, and imposing a term of incarceration of ten months and twenty-six months of supervised release, pursuant to 18 U.S.C. § 3583(e).

We affirm the district court's decision in this matter. Section 3583(e) clearly grants the district court the authority to find, by a preponderance of the evidence, that

the Defendant violated a condition of supervised release. Eighth Circuit precedent affords district courts broad discretion when applying this statute; the decision of the district court will not be questioned so long as its decision conforms to statutory limits. *See United States v. Oliver*, 931 F.2d 463, 465 (8th Cir. 1991); *United States v. Smeathers*, 930 F.2d 18, 19 (8th Cir. 1991).

Nor does this case raise any issues under *Blakely v. Washington*, 124 S.Ct. 2531 (2004), as a convicted felon does not have a Sixth Amendment right to have a jury determine those facts legally relevant to revocation of supervised release. Upon revocation of supervised release, a district court is expressly empowered to "impose a term of imprisonment equal in length to the entire original term of supervision. . . . includ[ing] the lesser power to impose a punishment that combines, over that same period, prison and supervised release." *United States v. Love*, 19 F.3d 415, 416 (8th Cir. 1994); *see also* 18 U.S.C. § 3583(e)(3). Since the district court imposed a sentence equal in time to Mr. Leisure's original three-year term of supervised release, it clearly acted with appropriate discretion.

The decision of the district court is AFFIRMED. As this case raises no issues related to the constitutionality of the United States Sentencing Guidelines, no further briefing is requested from the parties. Defense counsel's request for leave to withdraw from further representation of the Defendant is also GRANTED, subject to the condition that counsel advises Leisure of his right to file a petition for certiorari.

_____