Marie **SPEARS**, individually, and Marie Spears, Administratrix of the Estate of Irving Spears, deceased, Plaintiffs,

v.

**MOUNT ETNA MORRIS et al.,**
**Defendants.**

**Civ. A. No. 14982–3.**

United States District Court,
W. D. Missouri, W. D.

June 16, 1969.

Robert B. Wurdack, Kansas City, Mo., for plaintiffs.

Norman H. Anderson, Atty. Gen. of Missouri, Jefferson City, Mo., for defendants.

## ORDER DISMISSING COMPLAINT AND JUDGMENT OF DISMISSAL WITHOUT PREJUDICE BECAUSE OF LACK OF JURISDICTION

BECKER, Chief Judge.

This is a suit brought by plaintiffs on a $20 state bond issued on January 1, 1862, by the State of Missouri, payable with 10% interest 3 years after date of issue. Plaintiffs allege that they are "the present holders and bearers of said bond, having come into possession of same lawfully." Plaintiffs pray judgment on the bond in the sum of $20, plus interest from January 1, 1865, at 10% compounded annually from and after that date.

The defendant State of Missouri has moved to dismiss, asserting its sovereign immunity. The defendant Treasurer of the State joins in the motion on the grounds that the action is in essence one for recovery of money from the State; that the jurisdictional amount is not present; that venue has been improperly laid; and that service of process has been insufficient.

On November 22, 1967, with leave of Court, plaintiffs filed a first amended "petition" in which Marie Spears, administratrix of the estate of Irving Spears, deceased, was substituted as a party plaintiff for Irving Spears, deceased, whose death had properly been suggested of record. In that "petition", plaintiffs alleged that they sued as representatives of a class of owners of all bonds of the type here held; that the suit was brought under Section 1983, Title 42, U.S.C., and federal jurisdiction was explicitly based thereon, because "the plaintiff (sic) is being deprived of certain rights and privileges secured by the Constitution of the United States by defendants under color of law, custom or usage," by the refusal of the defendant Treasurer to pay the principal and interest of the bond held by plaintiffs; that defendant has refused payment because of repudiation of all wartime obligations in the 1875 Missouri Constitution (Art. IV, § 52), until Missouri was paid by the United States for such expenses, that defendant alternatively gave as a reason for refusal of payment that it was the custom and usage of the State so to refuse; and that such refusal violates plaintiffs' constitutional rights to equal protection of the laws and is an unconstitutional impairment of the obligation of contracts. Count II of the amended petition states that Article IV, § 52, Missouri Constitution of 1875 (which was reenacted substantially in the 1945 Constitution at Art. III, § 39(6), V.A.M.S.) in fact requires payment of the debt and that refusing to pay is a violation of a "purely ministerial function" by the defendant Treasurer.

Defendants continued to oppose the "petition" as amended, relying on their previously-filed motions to dismiss. In addition, by supplemental suggestions

filed January 31, 1968, the defendants assert that the bond in question was issued under the authority of the "rebel legislature" sitting at Neosho, Missouri, and thus is a debt or obligation incurred in rebellion against the United States, payment of which is prohibited by the 14th Amendment; that plaintiffs have not alleged discriminatory treatment or treatment different from that accorded to any other holder of such bonds; that, in a class action, the requirement of jurisdictional amount must still be met; that this complaint does not allege a true class action because there

> " * * * has been no showing that plaintiffs will adequately represent the class and plaintiffs (sic) right and interest are several from those of any other in the alleged class, being dependent upon their [bond] * * * "

that, at best, therefore, this is a "spurious class action" where the claims are separate and cannot be aggregated to surpass the jurisdictional threshold; and that the 2-year Statute of Limitations for claims against the State in Section 33.120, RSMo, bars this suit.

■ Treated as a suit under the Civil Rights Act, Section 1983, Title 42, U.S.C. (whereby plaintiffs expressly attempt to state federal jurisdiction), this complaint does not state a claim, as amended. The applicable section reads as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Factually, the complaint contends that the defendant Treasurer of Missouri deprived plaintiffs of their constitutional rights by refusing under color of state law to pay the cash value of the bond upon demand. Specifically, the constitutional rights alleged to be infringed were (1) the right to equal protection of the laws, (2) the right to be secure from the taking of property without due process of law, (3) the right not to be unlawfully discriminated against in being deprived of the right to payment which was once extended to others who held these bonds, and (4) the right not to be subject to state laws impairing the obligation of contracts.

■■ Plaintiffs' allegation that they have been denied the equal protection of the laws is not well-founded because they have not alleged any invidious classification in the sense of cases like Skinner v. Oklahoma, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655, and Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620. In fact, no classification whatever appears on the facts stated by plaintiffs and all the inferences therefrom favorable to plaintiffs. It is assumed for the purposes of this ruling that the bond issue in question was paid by the State until 1875, when the enactment of a new Missouri Constitution provided against further payment out of state funds. Plaintiffs allege in the amended complaint that the defendant Treasurer gave the following reason for refusal to pay:

> "In 1875 when the people adopted a new Constitution, in Article Four (4) Section Fifty-two (52), thereof, the following *repudiation* of all war time obligations became a part of the Constitution:
>
> ' ........ War Debt, Payment of:
>
> The General Assembly shall have no power to make any appropriation of money, or to issue any bonds or other evidence of indebtedness for the payment, or on account or in recognition of any act entitled "An act to audit and adjust the war debt of the State," approved March 19, 1874, or any act of a similar nature, until after the claims so audited shall have been presented to and paid by the Government of the United States to the State of Missouri.' "

Such a provision makes no classification at all of any holders of the bonds in question. Therefore, there can be no question of unreasonable, arbitrary, or invidious classification. The provision is not unfair on its face nor can intentional or purposeful discrimination in its application therefore be presumed. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497; Morgan v. Sylvester (S.D.N.Y.) 125 F.Supp. 380, affirmed (C.A.2) 220 F.2d 758, cert. den. 350 U.S. 867, 76 S.Ct. 112, 100 L.Ed. 768, reh. den. 350 U.S. 919, 76 S.Ct. 201, 100 L.Ed. 805. Where the constitutional or statutory provision is fair on its face, a claim for relief against a state official under Section 1983 for administration of the provision cannot be sustained in the absence of intentional discrimination or the legal equivalent thereof. Snowden v. Hughes, *supra.* No such intentional discrimination or its equivalent is alleged or can be inferred from the allegations of plaintiffs.

 Plaintiffs finally claim that a denial of constitutional right exists by reason of the impairment of the obligation of contract by the state constitutional provision. The Civil Rights Act protects only the rights, privileges and immunities secured by the 14th Amendment to the Constitution. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492. While the list of rights guaranteed by the 14th Amendment has been growing through judicial construction, there is not presently included the right growing out of the prohibition against impairment of contract, which is stated by Article I, Section 10, of the Constitution. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Pudlik v. Public Service Company of Colorado (D.Colo.) 166 F.Supp. 921 and cases therein cited. Plaintiffs therefore do not state a claim under the Civil Rights Act based upon impairment of contract arising under state law.

██ Plaintiffs cannot invoke the jurisdiction of this Court under statutes providing for federal jurisdiction where there is a federal question or diversity of citizenship because of lack of the jurisdictional amount. Sections 1331 and 1332, Title 28, U.S.C., state that the amount in controversy must exceed "the sum or value of $10,000, exclusive of interest and costs, * * *." Nor can the jurisdictional amount be supplied by the aggregation of the amount of claims involved in the class action request. Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319.

██ This Court, therefore, need not reach the question of the validity of the bonds when issued or at this time. If, as defendant Treasurer claims, the bonds were issued in aid and furtherance of rebellion against the United States, the rule that legislative acts which are hostile in their purpose to the authority of the national government are void may be applicable. Daniels v. Tearney, 102 U.S. 415, 26 L.Ed. 187. Thus, treasury notes issued by Mississippi when it was in a state of insurrection were held to be illegal and void in Taylor v. Thomas, 22 Wall. (U.S.) 479, 22 L.Ed. 789, as were notes issued by the City of Richmond during rebellion in Thomas v. City of Richmond, 12 Wall. (U.S.) 349, 20 L.Ed. 453. On the other hand, other acts, even of the Confederate states, have been deemed generally valid and binding. Baldy v. Hunter, 171 U.S. 388, 18 S.Ct. 890, 43 L.Ed. 208. And Missouri generally was considered to be a member of the Union during the Civil War, although a Confederate government in exile claimed membership in the Confederacy. The validity of the bonds, however, will not be determined because of lack of jurisdiction.

For the foregoing reasons, it is

Ordered and adjudged that the complaint herein be, and it is hereby, dismissed for lack of jurisdiction without prejudice to the claim of plaintiffs. It is accordingly

Ordered that plaintiffs' motion to add Haskell Holman, State Auditor, as a party defendant be, and the same is hereby, denied.