431 F.2d 1089
 Marie SPEARS, Individually and Marie Spears, Administratrix of the Estate of Irving Spears, Deceased, Appellants,
v.
William E. ROBINSON, Treasurer of the State of Missouri, and the State of Missouri, by and Through Warren E. Hearnes, Governor, State of Missouri, Appellees.
 No. 19835.
 United States Court of Appeals, Eighth Circuit.
 September 22, 1970.
 
 Wilbur L. Pollard, Williams, Norton & Pollard, North Kansas City, Mo., for appellants; Wm. Harrison Norton and S. Preston Williams, North Kansas City, Mo., and Robert B. Wurdack, Kansas City, Mo., on the brief.
 John C. Craft, Asst. Atty. Gen., Jefferson City, Mo., for appellees; John C. Danforth, Atty. Gen., Jefferson City, Mo., on the brief.
 Before BLACKMUN*, MEHAFFY and BRIGHT, Circuit Judges.
 MEHAFFY, Circuit Judge.
 
 
 1
 Plaintiffs brought suit against the State of Missouri and its duly elected Treasurer to recover the face amount of a $20.00 bond, plus interest at 10% compounded annually from and after January 1, 1865. The bond was issued by the State of Missouri on January 1, 1862 payable with 10% interest three years after date of issue. Plaintiffs amended the complaint, alleging that they sued as representatives of a class of owners of all bonds of the type here held and asserting that the suit was brought under and jurisdiction based on 42 U.S.C. § 1983. The United States District Court for the Western District of Missouri, Western Division, The Honorable William H. Becker, Chief Judge, dismissed the complaint for lack of jurisdiction, without prejudice to the claim of plaintiffs. Judge Becker's order is published as Spears v. Morris, 313 F. Supp. 52 (W.D.Mo.1969). (William E. Robinson, the current Treasurer of the State of Missouri, was substituted for Morris on appeal by agreement of the parties and with the permission of this court.) We affirm.
 
 
 2
 The amended complaint alleges in Count I that the Treasurer, by his refusal under color of state law to pay the value of the bond and interest upon demand, infringed the following constitutional rights of plaintiffs: The right to equal protection of the laws; the right to be secure from the taking of property without due process of law; the right not to be unlawfully discriminated against by being deprived of the right to payment which was once extended to others who held these bonds; and the right not to be subject to state laws impairing the obligation of contracts. In Count II, plaintiffs assert that Article 4, § 52, of the Missouri Constitution of 1875 (which was reenacted substantially in the 1945 Missouri Constitution, Article 3, § 39(6)), V.A.M.S., requires payment of the debt and that refusing to pay it is a violation of a purely ministerial function by the Treasurer.
 
 
 3
 The State of Missouri asserted its sovereign immunity as grounds for dismissal of the original petition. The Treasurer moved to dismiss on the grounds that the action is in essence one for recovery of money from the State; that the jurisdictional amount is not present; that venue has been improperly laid; and that service of process has been insufficient. After the filing of the amended petition, defendants continued to rely on the grounds previously set out in their motions to dismiss and asserted additionally that the bond in question was issued under the authority of the rebel legislature sitting at Neosho, Missouri and thus is a debt or obligation incurred in rebellion against the United States, the payment of which is prohibited by the Fourteenth Amendment; that plaintiffs have not alleged discriminatory treatment or treatment different from that accorded to any other holder of such bonds; that the complaint does not allege a true class action since the claims are separate and cannot be aggregated to surpass the jurisdictional threshold; that in a class action the requirement of jurisdictional amount must still be met; and that the two-year statute of limitations for claims against the State of Missouri in § 33.120, RSMo 1959, V.A.M.S., bars this suit.
 
 
 4
 The district court held that the plaintiffs' complaint failed to state a claim sufficient to give the court jurisdiction under the civil rights statute, 42 U.S.C. § 1983, and that jurisdiction cannot be invoked under 28 U.S.C. §§ 1331 and 1332 since the requisite jurisdictional amount of $10,000.00, exclusive of interest and costs, has not been met. We agree.
 
 
 5
 The civil rights statute under which plaintiffs claim jurisdiction, 42 U.S.C. § 1983, provides:
 
 
 6
 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."[1]
 
 
 7
 In order to maintain an action under the foregoing section, the plaintiffs must allege facts showing that the defendants acted to deprive them of the rights, privileges, and immunities secured by the Fourteenth Amendment of the Constitution. See Monroe v. Pape, 365 U.S. 167, 180, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961); Jones v. Bombeck, 375 F.2d 737, 738 (3rd Cir. 1967). If there is an alleged denial of a personal liberty, the statute may confer jurisdiction irrespective of the amount in controversy, but if the alleged denial concerns a property or monetary right, the controlling authority is to the effect that the amount in controversy must exceed $10,000.00, exclusive of interest and costs, as required under 28 U.S.C. §§ 1331 and 1332.
 
 
 8
 In the early case of Holt v. Indiana Mfg. Co., 176 U.S. 68, 72, 20 S.Ct. 272, 273, 44 L.Ed. 374 (1900), which was a suit brought under the civil rights statute to restrain the alleged unconstitutional taxation of patent rights, the Court held that it was without jurisdiction because the challenged tax was less than the jurisdictional amount. The Court said that it was sufficient to say that the provisions of the statute "refer to civil rights only and are inapplicable here."
 
 
 9
 In Hague v. Committee for Industrial Organization, 307 U.S. 496, 531-532, 59 S.Ct. 954, 83 L.Ed. 1423 (1939), Mr. Justice Stone, in a concurring opinion, distinguished the Holt case from Hague, stating that when, as in the Hague case, the right or immunity is one of personal liberty, not dependent for its existence upon the infringement of property rights, there is jurisdiction under the civil rights statute to entertain suit alleging the deprival thereof without the jurisdictional amount being present.
 
 
 10
 In recent years the Supreme Court has reaffirmed these views by affirming the decisions in the three-judge court cases of Hornbeak v. Hamm, 283 F. Supp. 549 (M.D.Ala.1968), aff'd per curiam, 393 U.S. 9, 89 S.Ct. 47, 21 L.Ed.2d 14 (1968), and Abernathy v. Carpenter, 208 F.Supp. 793 (W.D.Mo.1963), aff'd per curiam, 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963). In the Abernathy case, the three-judge court, speaking through Judge Gibson, held that since the deprivation, if any, was not one of personal liability but merely a property right, it was not within the purview of the court's civil rights jurisdiction, 28 U.S.C. § 1343, and that the plaintiffs' claims could not be aggregated to attain the jurisdictional amount. In the Hornbeak case, the court cited numerous cases supporting this view, as well as some which are in apparent conflict, although in some instances they are distinguishable. At page 554 of 283 F.Supp. the court concluded:
 
 
 11
 "Not every claim of constitutional violation is a `civil right' under the statutes. The complaint in this case avers a denial by the defendants of due process and equal protection under the 14th Amendment. However, since we hold the complaint alleges only a `property right' and not a `civil right' under § 1343 the complaint fails to allege any basis for federal jurisdiction since it does not aver the jurisdictional amount of $10,000 or more under § 1331. Therefore, we do not reach the merits of the issue of whether the Alabama procedures attacked by the complaint do or do not violate the 14th Amendment."
 
 
 12
 To the same effect, see and compare Bussie v. Long, 383 F.2d 766 (5th Cir. 1967); McManigal v. Simon, 382 F.2d 408, 410 (7th Cir. 1967); Gray v. Morgan, 371 F.2d 172, 175 (7th Cir. 1966); Ream v. Handley, 359 F.2d 728, 731 (7th Cir. 1966).
 
 
 13
 In the recent case of Massachusetts State Pharmaceutical Ass'n v. Federal Prescription Service, Inc., 431 F.2d 130 (8th Cir. 1970), this court held that the plaintiff bears the burden of proving that the matter in controversy exceeds the sum or value of $10,000.00 exclusive of interest and costs and cites a number of cases in support. In addition to the cases there cited, see also Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); Euge v. Trantina, 422 F.2d 1070, 1073 (8th Cir. 1970); Sawyer v. Davis, 408 F.2d 358 (8th Cir. 1969). If this burden is not met, the complaint must be dismissed for want of jurisdiction.
 
 
 14
 In the instant case, plaintiffs' claim is for only $20.00 exclusive of interest and costs. In the amended petition, they attempted to overcome this by asserting there were many persons of like situation who are owners of such bonds and that they were bringing the action on behalf of the many persons constituting such class. This is not a true class action, and, therefore, the claims of the various members of the class may not be aggregated to reach the jurisdictional amount. Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 60 L.Ed. 817 (1916).
 
 
 15
 In Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), the Court reaffirmed the long-settled principle that separate and distinct claims presented by and for various claimants in federal diversity actions may not be added together to provide the requisite $10,000.00 jurisdictional amount, and held that the law was not changed by the amendment of Rule 23, Fed.R.Civ.P. This rule, as amended, provides that judgment shall include those members of the class to whom notice was directed but who have not requested exclusion and whom the court finds to be members of the class. The Tenth Circuit interpreted this as permitting aggregation in Gas Service Co. v. Coburn, 389 F.2d 831 (10th Cir. 1968). A contrary result was reached in Alvarez v. Pan American Life Ins. Co., 375 F.2d 992 (5th Cir. 1967), cert. denied, 389 U.S. 827, 88 S.Ct. 74, 19 L.Ed.2d 82 (1967), and Snyder v. Harris, 390 F.2d 204 (8th Cir. 1968), and the Supreme Court granted certiorari in the Snyder case to resolve the conflict between the circuits. The Court held that the doctrine that separate and distinct claims could not be aggregated was never and is not now based upon Rule 23 but rather upon the Court's interpretation of the statutory phrase "matter in controversy." In the Snyder case the Court said (394 U.S. at 335, 89 S.Ct. at 1056):
 
 
 16
 "The traditional judicial interpretation under all of these statutes has been from the beginning that the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement. Aggregation has been permitted only (1) in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant and (2) in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest."
 
 
 17
 The Court noted that the interpretation of the phrase "amount in controversy" as precluding aggregation substantially predates the 1938 Federal Rules of Civil Procedure, and that the Court has consistently interpreted the jurisdictional statute passed by Congress as not conferring jurisdiction where the required amount in controversy can be reached only by aggregating separate and distinct claims. See Hague v. Committee for Industrial Organization, supra; Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939); Scott v. Frazier, 353 U.S. 243, 40 S.Ct. 503, 64 L.Ed. 883 (1920); Pinel v. Pinel, supra; Troy Bank of Troy, Ind. v. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81 (1911); Oliver v. Alexander, 6 Pet. 143, 8 L.Ed. 349 (1832). See also Massachusetts State Pharmaceutical Ass'n v. Federal Prescription Service, Inc., supra; Abernathy v. Carpenter, supra. The Court said in the Snyder case that to overrule the aggregation doctrine at this late date would run counter to the congressional purpose in steadily increasing through the years the jurisdictional amount requirement, the purpose of which was to check, to some degree, the rising caseload of the federal courts.
 
 
 18
 We do not reach the merits of the case but, for the reasons hereinbefore stated, affirm the order of the district court dismissing plaintiffs' complaint for lack of jurisdiction.
 
 
 
 Notes:
 
 
 *
 Mr. Justice Blackmun, who sat on this panel as a member of this court before his elevation to the United States Supreme Court, did not participate in the consideration or decision of this case
 
 
 [1]
 This is a codification of R.S. § 1979, which was derived from the Civil Rights Act of 1871, known as the Ku Klux Klan Act. See also 28 U.S.C. § 1343