**Gary R. LILLEY, on behalf of himself and all holders of Missouri Defense Bonds issued during the Civil War, Plaintiff,**

v.

**The STATE OF MISSOURI, et al., Defendants.**

No. 4:95–CV–0187 CAS.

United States District Court,
E.D. Missouri,
Eastern Division.

Feb. 27, 1996.

**1038**

John J. Carey and Joseph P. Danis, Carey and Danis, St. Louis, MO, for plaintiff.

Paul M. Rauschenbach and Gretchen E. Rowan, Office of the Attorney General of Missouri, St. Louis, MO, for defendants.

### MEMORANDUM AND ORDER

SHAW, District Judge.

This matter is before the Court on pretrial motions. Plaintiff filed his four-count Complaint on January 27, 1995 against the State of Missouri, the Missouri Board of Fund Commissioners (the "Board"), and in their individual and official capacities, Board members Dick Hanson, Missouri Commissioner of Administration; Bob Holden, Missouri Treasurer; Margaret Kelly, Missouri State Auditor; Keith Thornburg, legal representative of the Missouri State Auditor; Jeremiah W. Nixon, Missouri Attorney General; Mel Carnahan, Governor of the State of Missouri; and Roger W. Wilson, Lieutenant Governor of the State of Missouri.

The Complaint asserts claims for payment of principal and interest on certain bonds (Count I), conspiracy (Count II), and deprivations of civil rights under 42 U.S.C. § 1983 (Count III), and 42 U.S.C. §§ 1985 and 1986 (Count IV). Plaintiff also seeks certification of this matter as a class action under Rule 23, Federal Rules of Civil Procedure.

The defendants filed a motion to dismiss the complaint on March 28, 1995. Thereafter, on April 6, 1995, plaintiff sought leave to file his First Amended Complaint ("Amended Complaint"), which appears to differ from the original complaint only by the addition of another named party plaintiff, Donna M. Hoback. Defendants have not opposed plaintiff's motion for leave to amend, but instead move to dismiss the proposed Amended Complaint.

**■** *Motion for Leave to Amend.* Leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a). Nonetheless, the Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32, 91 S.Ct. 795, 802–03, 28 L.Ed.2d 77 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (i) whether the motion was filed in bad faith or with dilatory motive; (ii) whether the motion was filed with undue delay; (iii) whether leave to amend would be unduly prejudicial to the opposing parties; and (iv) whether the proposed amendment would be futile. *See Williams v. Little Rock Municipal Water Works,* 21 F.3d 218, 224 (8th Cir.1994). The Court finds that the general rule of liberal amendment should apply here. Plaintiff's motion for leave to amend will be granted, and defendants' motion to dismiss the original complaint will be denied as moot.

*Background.* Plaintiffs assert the existence of federal jurisdiction on the basis of diversity of citizenship and federal question jurisdiction. Plaintiffs allege they are the owners and holders of certain Defense Bonds (the "Bonds") issued by the lawful government of the State of Missouri during the Civil War. (Amended Complaint, ¶ 1.) Plaintiffs seek to recover the principal and interest due and owing under the Bonds from the date of issue to the present, which would exceed several million dollars per Bond. (*Id.,* ¶ 2.) Plaintiffs assert that the Bonds are valid and that "the State of Missouri is legally responsible to pay ... the principal and compounded interest due thereunder." (*Id.,* ¶ 3.) Plaintiffs contend that defendants, acting in their official and individual capacities, *inter alia,* violated plaintiffs' civil rights by refusing to honor the Bonds when submitted for payment. (*Id.,* ¶ 4.)

Defendants move to dismiss the Amended Complaint on the grounds that plaintiffs' claims (i) are barred by the Eleventh Amendment; (ii) fail to state a claim upon which relief can be granted; (iii) are subject to defendants' right to qualified immunity; (iv) are improperly based on a *respondeat superior* theory; and (v) are barred by the applicable statute of limitations. Plaintiffs oppose the motion.

■ *Standard of Review.* When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The complaint must be liberally construed in a light most favorable to the plaintiff. *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir.1994); *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986). Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. *Coleman,* 40 F.3d at 258; *Kohl v. Casson,* 5 F.3d 1141, 1148 (8th Cir. 1993). With this standard in mind, the Court turns to the merits of defendants' motion.

### I.

■ Defendants initially contend that the State of Missouri is the real party in interest to this action, and plaintiffs' ultimate goal is to recover payment on the Bonds. Thus, defendants argue this action is barred by the Eleventh Amendment to the United States Constitution, which prohibits any suit that would have the effect of imposing retroactive monetary liability against a State's treasury. Defendants rely on *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 100–01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) (*Pennhurst II* ); *Edelman v. Jordan,* 415 U.S. 651, 661–69, 94 S.Ct. 1347, 1354–59, 39 L.Ed.2d 662 (1974); and *Ford Motor Co. v. Dept. of Treasury of State of Indiana,* 323

U.S. 459, 464, 65 S.Ct. 347, 350–51, 89 L.Ed. 389 (1945). Defendants assert that federal courts have determined they lack jurisdiction over cases asserting similar claims, citing *Ex parte Ayers,* 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216 (1887); *State of Louisiana ex rel. Elliott v. Jumel,* 107 U.S. 711, 2 S.Ct. 128, 27 L.Ed. 448 (1883); and *Barry v. Fordice,* 814 F.Supp. 511 (S.D.Miss.1992), *aff'd,* 8 F.3d 1 (5th Cir.1993).

Plaintiffs respond that defendants have mischaracterized their lawsuit, which predominantly seeks declaratory and injunctive relief and not monetary damages. Plaintiffs argue that because their complaint principally seeks a declaration that Article 4, Section 52 of the Missouri Constitution is unconstitutional,[1] the Eleventh Amendment bar does not apply. Plaintiffs rely in large part on *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

■ This Court is obligated to review the allegations of the Amended Complaint to determine if its jurisdiction over this suit is barred by the Eleventh Amendment. *See Pennhurst II,* 465 U.S. at 121, 104 S.Ct. at 919. The Eleventh Amendment bars suits against non-consenting states by their own citizens, citizens of another states, citizens of foreign states, or foreign nations. U.S. Const. amend. XI; *Pennhurst II,* 465 U.S. at 97–98, 104 S.Ct. at 906–07; *Principality of Monaco v. Mississippi,* 292 U.S. 313, 329–31, 54 S.Ct. 745, 750–51, 78 L.Ed. 1282 (1934).

■ The Eleventh Amendment bar is not limited to suits seeking monetary relief, but may also bar actions seeking equitable relief. *Pennhurst II,* 465 U.S. at 100–01, 104 S.Ct. at 908; *Cory v. White,* 457 U.S. 85, 90–91, 102 S.Ct. 2325, 2328–29, 72 L.Ed.2d 694 (1982). The Eleventh Amendment also prohibits suits which are nominally against state officials in their official as opposed to personal capacities, where the action is in fact

---

1. Plaintiffs' Amended Complaint does not contain a reference to this constitutional provision. Art. IV, § 52 of the Missouri Constitution, which is cited by plaintiffs in their memorandum in opposition, establishes the department of higher education and creates a Coordinating Board for Higher Education, and is not relevant to this action. The Court assumes plaintiffs intended to refer to Art. IV, § 52 of the Missouri Constitution of 1875 (reenacted substantially in the 1945 Constitution at Art. III, § 39(6)), which repudiates Civil War debts until the State of Missouri is paid by the United States for such debts. *See Spears v. Morris,* 313 F.Supp. 52, 53 (W.D.Mo.1969), *aff'd sub nom Spears v. Robinson,* 431 F.2d 1089, 1090 (8th Cir.1970).

against the state as the real party in interest. *Ford Motor Co.,* 323 U.S. at 464, 65 S.Ct. at 350. A state is the real party in interest if "the decision rendered would operate against the sovereign, expending itself on the public treasury, interfering with public administration, or compelling the State to act or refrain from acting." *Pennhurst II,* 465 U.S. at 101, 104 S.Ct. at 908. Thus, the Eleventh Amendment bars a suit against state officers who are "joined as collective representatives of the state, not as individuals against whom a personal judgment is sought." *Ford Motor Co.,* 323 U.S. at 463–64, 65 S.Ct. at 350.

These principles are dispositive of a significant portion of plaintiffs' claims. Plaintiffs are citizens of other states who have sued the State of Missouri, one of its official boards, and state officials in their official capacities as collective representatives of the state and in their individual capacities. The suit is primarily for payment on allegedly valid and past due Civil War bonds owned or held by plaintiffs. The State of Missouri is the real party in interest, as the relief sought by plaintiffs would ultimately require expenditure from the public treasury. *See Pennhurst II,* 465 U.S. at 101, 104 S.Ct. at 908; *Ford Motor Co.,* 323 U.S. at 464, 65 S.Ct. at 350. *Compare Barry v. Fordice,* 814 F.Supp. at 512–15 (state was real party in interest in action against state officials for declaratory and injunctive relief, which would require payments of bonds from state funds).

Suits by debt holders against state officials are barred by the Eleventh Amendment, even where the plaintiffs have alleged that an unconstitutional state statute precludes payment, and have framed their complaints to seek equitable rather than monetary relief against state officials in their official capacity. *See State of North Carolina v. Temple,* 134 U.S. 22, 10 S.Ct. 509, 33 L.Ed. 849 (1890); *Ayers,* 123 U.S. at 500–08, 8 S.Ct. at 180–84; *Jumel,* 107 U.S. at 719–24, 2 S.Ct. at 134–39. These decisions and the principles set forth therein remain good law. *Barry,* 814 F.Supp. at 515, and cases cited therein.

Plaintiff's reliance on the narrow exception to the Eleventh Amendment recognized by the Supreme Court in *Ex parte Young* is misplaced. In *Ex parte Young,* the Court held that the Eleventh Amendment did not bar an action in federal court seeking to enjoin a state attorney general from enforcing a statute violative of the federal constitution. *Ex parte Young,* 209 U.S. at 134, 28 S.Ct. at 446. The plaintiffs sought no monetary relief and none was awarded. Here, the plaintiffs clearly seek monetary relief. Further, the Supreme Court has held that *Ex parte Young* applies only to violations of federal law by state officials. *Pennhurst II,* 465 U.S. at 102, 104 S.Ct. at 909. In this case, Counts I and II are based solely on state law.

Plaintiffs also rely on *Brennan v. Stewart,* 834 F.2d 1248 (5th Cir.1988), in which the Fifth Circuit stated,

> The Eleventh Amendment and the doctrine of *Ex parte Young* together create a relatively simple rule of state immunity. Basically, prospective injunctive or declaratory relief against a state is permitted—whatever its financial side effects—but retrospective relief in the form of a money judgment in compensation for past wrongs—no matter how small—is barred.

834 F.2d at 1253. Plaintiffs' reliance on *Brennan* is misplaced, because the relief plaintiffs seek is not of a prospective or substantially declaratory nature, despite the manner in which they have framed the Amended Complaint. Rather, plaintiffs seek retrospective relief in the form of a money judgment.

The same argument espoused by plaintiffs was asserted unsuccessfully in a similar case, *Barry v. Fordice,* 814 F.Supp. 511. In *Barry* the plaintiffs were British citizens who sued Mississippi state officials, challenging a Mississippi statute which prohibited payment of sums due on pre-Civil War bonds. The plaintiffs sought declaratory and injunctive relief which would require the defendants to honor the bonds and permit the plaintiffs to recover monetary judgment. *Id.* at 512–13. The district court dismissed the plaintiffs' claims as barred by the Eleventh Amendment, and rejected their reliance on *Brennan:*

> *Brennan* and the instant case are factually inapposite. In *Brennan,* the plaintiffs' requested relief was clearly of a prospec-

tive and declaratory nature. The *Brennan* plaintiff was an unsuccessful applicant for a temporary hearing aid training permit who brought an actions against the Texas Board of Examiners on Fitting and Dispensing of Hearing Aids for violation of due process, equal protection, and civil rights statutes. [*Brennan*, 834 F.2d] at 1250. The relief which the *Brennan* Court granted the plaintiff was not monetary nor (sic) retrospective. The character of the relief sought here, past due payments and interest, is essentially monetary and retrospective. Plaintiffs hope to evade the bar of the Eleventh Amendment by mischaracterizing the nature of their claim.

*Barry*, 814 F.Supp. at 517.

■ The plaintiffs in this case similarly mischaracterize their claim. "Plaintiffs may not escape the thrust of the Eleventh Amendment by artful pleading, disguised aims or naming nominal parties." *Id.* at 518. Here, Count I asserts a claim for payment of principal and interest on the Bonds. Count II alleges a conspiracy among the defendants to deny payment on the Bonds. The joint prayer for relief on Counts I and II seeks, *inter alia,* "declaratory and equitable relief directing Defendants and the State of Missouri to honor said Defense bonds and to pay all principal and compounded interest due and owing thereunder." (Amended Complaint, "Prayer for Counts I and II", p. 13.) It is clear the gravamen of these counts is the state's alleged default on the Bonds rather than any individual's misconduct.

Therefore, the jurisdictional bar of the Eleventh Amendment applies. Counts I and II of the Amended Complaint will be dismissed for lack of subject matter jurisdiction as against the State of Missouri, the Board, and the individual defendants acting in their official capacities. *See Pennhurst II,* 465 U.S. at 101, 104 S.Ct. at 908; *Ford Motor Co.,* 323 U.S. at 463–64, 65 S.Ct. at 350; *Barry,* 814 F.Supp. at 517–18.

To the extent Counts I and II seek relief against the individual defendants in their in-

dividual capacities, the claims will also be dismissed. As noted above, the relief sought in these counts is payment on Bonds allegedly issued by the State of Missouri, which would constitute an obligation of the state treasury. Plaintiffs have not alleged entitlement to and they are not entitled to a personal judgment on Counts I and II against the individual defendants acting in their individual capacities.

## II.

■ The Court now addresses defendants' arguments directed to Count III, plaintiffs' claim under 42 U.S.C. § 1983. It is well established that states and state officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Therefore, plaintiffs' claim in Count III will be dismissed against the State of Missouri, the Board, and the individual defendants in their official capacities.[2]

The individual defendants, in their individual capacities, (hereafter "individual defendants") move to dismiss plaintiffs' Section 1983 claim on the grounds that (i) this claim is barred by the applicable statute of limitations; (ii) the individual defendants are entitled to qualified immunity; and (iii) plaintiffs' claims are improperly based on a *respondeat superior* theory. Plaintiffs have responded only to the first argument.

■ The individual defendants assert that the residual Missouri five-year statute of limitations, R.S.Mo. § 516.120 (1994), should apply to plaintiffs' claims under § 1983. The individual defendants argue that in February 1989, plaintiff Lilley presented his Bond for redemption at the office of the Missouri Department of Revenue in St. Louis, which refused to redeem it. (Amended Complaint, ¶ 34.) The individual defendants assert that plaintiff Lilley filed an action on his Bond in the United States District Court for the

---

**2.** Although a state official sued in his or her official capacity may be a "person" under Section 1983 when sued for injunctive relief, *Will,* 491 U.S. at 71 n. 10, 109 S.Ct. at 2312 n. 10 and

cases cited therein, Count III of the Amended Complaint does not seek injunctive relief. (*See* Amended Complaint, "Prayer for Counts III and IV", p. 15.)

Southern District of Illinois on October 3, 1994.[3] Thus, the individual defendants contend, without citation to legal authority, that the applicable five-year statute of limitations began to run in February 1989 and expired in February 1994.[4]

Plaintiffs do not contest the applicability of the five-year statute of limitations, but respond that their Amended Complaint alleges "repeated 'stonewalling' by the Defendants", who "[a]t least initially, did not refuse to pay the bond, but merely referred Plaintiff to other state officials and/or agencies." (Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss, p. 7.) Thus, plaintiffs imply that their cause of action did not accrue in February 1989, but at some later, unspecified time.

The Court finds the individual defendants have failed to establish that plaintiffs' claim is barred by the statute of limitations.[5] First, the individual defendants provide no citation to authority supporting their argument. In order to agree with their position, the Court would be required to conduct independent research, which it will not do. Second, and more important, while it arguably could appear from the face of the Amended Complaint that this action is time barred, the complaint must be liberally construed in a light most favorable to the plaintiffs. *Coleman v. Watt,* 40 F.3d at 258; *Morton v. Becker,* 793 F.2d at 187. Thus, the Court cannot conclude as a matter of law that the Amended Complaint is time barred. The individual defendants' motion to dismiss on the basis of the statute of limitations will be denied.

■ The Court now turns to the individual defendants' qualified immunity argument. As previously noted, plaintiffs have not responded to this argument. The doctrine of qualified immunity provides that government officials performing discretionary functions are generally shielded from liability for civil claims insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Tyler v. Barton,* 901 F.2d 689, 690 (8th Cir.1990). *See also Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Procunier v. Navarette,* 434 U.S. 555, 565, 98 S.Ct. 855, 861, 55 L.Ed.2d 24 (1978).

■ A court should adhere to a two-part analysis in examining the qualified immunity defense. *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir.1995) (citing *Munz v. Michael,* 28 F.3d 795, 799 (8th Cir.1994)). First, it must determine whether the plaintiff has asserted a violation of a constitutional right at all. *Boyd,* 47 F.3d at 968; *Cross v. City of Des Moines,* 965 F.2d 629, 631 (8th Cir.1992). This is a purely legal question to be determined by the court. If no constitutional right has been asserted, the plaintiff's lawsuit must be dismissed. *Cross,* 965 F.2d at 632.

■ The next step is to decide whether the constitutional right in question was clearly established at the time of the alleged violation. *Boyd,* 47 F.3d at 968. This is also an objective legal question for the Court. *Cross,* 965 F.2d at 632 (citing *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)); *Warren v. City of Lincoln, Nebraska,* 816 F.2d 1254, 1261 (8th Cir.1987), *cert. denied,* 490 U.S. 1091, 109 S.Ct. 2431, 104 L.Ed.2d 988 (1989). For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

The individual defendants contend that plaintiffs have not alleged a violation of a clearly established constitutional right, because they have not clearly established the validity of the Bonds. The individual defen-

---

3. Defendant state the case was styled *Lilley v. Hanson,* No. 94–CV–736 WDS (S.D.Ill). No information concerning this alleged action appears in plaintiffs' Amended Complaint, nor do the individual defendants provide any documentation to substantiate their statements. Accordingly, the Court excludes this information from its consideration of defendants' motion.

4. The instant action was filed on January 27, 1995.

5. The Court assumes, but does not decide, that the five-year statute of limitations of R.S.Mo. § 516.120 would apply to plaintiffs' claims in this case.

dants discuss at length the history of the government of Missouri during the Civil War, and subsequent federal and state constitutional provisions concerning payment of war debts. This argument ignores the Court's obligation to accept as true the allegations of the Complaint when addressing a motion to dismiss. Plaintiffs assert that the Bonds are valid. Nonetheless, for the reasons discussed below, the Court finds that the individual defendants are entitled to qualified immunity.

In the Amended Complaint, plaintiffs vaguely and generally allege that the individual defendants "violated Plaintiffs' civil rights by refusing to honor" the Bonds (*id.*, ¶ 4), and deprived plaintiffs of "their federal and state constitutional rights" (*id.*, ¶ 5), and that their "actions and/or omissions . . . constituted a deprivation of Plaintiffs' rights and privileges secured by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 21 of the Missouri Constitution." (*Id.*, ¶ 55.)

█ It is not obvious to the Court from these general allegations, which are not supported by argument in plaintiffs' memorandum in opposition, what clearly established constitutional right plaintiffs claim the individual defendants violated. Complaints seeking damages against government officials are subject to a heightened standard of pleading, with sufficient precision required to put Defendants on notice of the nature of the claim. *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779 (8th Cir.1995); *Brown v. Frey*, 889 F.2d 159, 170 (8th Cir.1989), *cert. denied*, 493 U.S. 1088, 110 S.Ct. 1156, 107 L.Ed.2d 1059 (1990). Plaintiffs have failed to meet this standard. This deficiency alone is sufficient to warrant dismissal of plaintiffs' § 1983 claim. The Court will, however, also address this claim on its merits.

█ The individual defendants advance several arguments in support of their defense of qualified immunity. In response, plaintiffs have not met their burden to show that the individual defendants in fact violated a clearly established right. *Cross*, 965 F.2d at 633 n. 2. A plaintiff should explain what clearly established right was violated as precisely and thoroughly as possible, including a dis-

cussion of the relevant cases. Otherwise, a court can only speculate on the nature of the plaintiff's claims. *Id.*

█ If plaintiffs are attempting to assert a due process claim, it is unclear whether the claim is based on a procedural or substantive due process violation. A person bringing a procedural due process claim must establish that he or she was deprived of life, liberty or property without notice and an opportunity to be heard. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Plaintiffs do not assert that they were in any manner deprived of property without notice or an opportunity to be heard. For a substantive due process claim, it is not necessary to allege that a specific constitutional guarantee was violated, but the alleged conduct must be so egregious as to "shock the conscience," or it will not support a claim cognizable under Section 1983. *Baker v. McCollan*, 443 U.S. 137, 146–47, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979). Plaintiffs do not make any such allegation. Thus, plaintiffs fail to establish a due process claim.

█ If plaintiffs bring a claim under the Equal Protection Clause they must show intentional discrimination against them on the basis of membership in a particular class, not merely that they were treated unfairly as individuals. *See Personnel Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L.Ed.2d 870 (1979). Plaintiffs make no allegations that Defendants subjected them to different treatment than others, on the basis of their membership in a particular class. Moreover, the Western District of Missouri held in a very similar case that plaintiffs who sued to force payment on a Missouri Civil War bond failed to state an equal protection claim under Section 1983. *See Spears v. Morris*, 313 F.Supp. 52, 53 (W.D.Mo.1969), *aff'd sub nom Spears v. Robinson*, 431 F.2d 1089 (8th Cir.1970). Plaintiffs' Amended Complaint fails to state a claim under § 1983 based on an equal protection violation.

█ To the extent the Amended Complaint might be interpreted to assert a claim

under the privileges and immunities clause of the Fourteenth Amendment, it similarly fails to state claim upon which relief can be granted.[6] The privileges and immunities clause has been narrowly interpreted to protect only uniquely federal rights such as the right to petition Congress, the right to vote in federal elections, the right to interstate travel, the right to enter federal lands, and the rights of a citizen while in federal custody. *Deubert v. Gulf Federal Sav. Bank,* 820 F.2d 754, 760 (5th Cir.1987). Absent legislation, the clause does not support a private cause of action for infringement of a right it secures. *Id.* Thus, plaintiffs fail to state a claim under the privileges and immunities clause.

Finally, plaintiffs allege that the individual defendants violated their rights under Art. I, § 21 the Missouri Constitution.[7] It is unclear whether plaintiffs assert that this alleged violation subjects defendants to liability under § 1983, or whether this is a supplemental state law claim. The Court notes that Count III is titled "Cause of Action Under § 1983".

 To the extent this claim may be characterized as one under Section 1983, it must fail. Violations of state laws do not by themselves state a claim under 42 U.S.C. § 1983. *Ebmeier v. Stump,* 70 F.3d 1012, 1013 (8th Cir.1995). The allegation that a state constitution itself operates to violate a plaintiff's federal civil rights may, in the proper circumstances, state a claim under 42 U.S.C. § 1983. *See Byrd v. Sexton,* 277 F.2d 418, 424 (8th Cir.), *cert. denied,* 364 U.S. 818, 81 S.Ct. 49, 5 L.Ed.2d 48 (1960); *Braderman v. Pennsylvania Housing Finance Agency,* 598 F.Supp. 834, 840 n. 3 (M.D.Pa.1984). Here, however, plaintiffs do not claim that Article I, § 21 is unconstitutional, rather, they assert that it has been violated. Thus, this is a matter of state law and plaintiffs fail to state a claim under Section 1983. *See Byrd,* 277 F.2d at 424.

Consequently, the Court concludes as a matter of law that plaintiffs have failed to assert a violation of a constitutional right. *See Boyd,* 47 F.3d at 968; *Cross,* 965 F.2d at 631. As no constitutional right has been asserted, plaintiffs' claims under Section 1983 must be dismissed. *Cross,* 965 F.2d at 632.

 To the extent plaintiffs assert a supplemental state law claim based on Article I, § 21, the Court assumes plaintiffs' argument would be that they have been subjected to an excessive fine as a result of defendants' refusal to honor the Bonds. This argument is unavailing. "The term 'fine' denotes a payment extracted by the government and payable to the government." *Coleman v. Watt,* 40 F.3d at 263 (citing *Browning–Ferris Indus. v. Kelco Disposal, Inc.,* 492 U.S. 257, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989)). Plaintiffs do not assert that they were required to make any payment to the government. Moreover, this claim remains only against the individual defendants in their individual capacities. Therefore, plaintiff cannot state a claim under the excessive fines clause of the Missouri Constitution.

### III.

Defendants also move to dismiss Count IV, plaintiffs' conspiracy claims under 42 U.S.C. §§ 1985 and 1986. Plaintiffs have offered no opposition to defendants' arguments.

Defendants correctly argue that the jurisdictional bar of the Eleventh Amendment applies to these claims as against the State of Missouri, the Board, and the individual defendants acting in their official capacities. *See Pennhurst II,* 465 U.S. at 101, 104 S.Ct. at 908; *Ford Motor Co.,* 323 U.S. at 463–64, 65 S.Ct. at 350; *Barry,* 814 F.Supp. at 517–18. Thus, these defendants' motion to dismiss for lack of subject matter jurisdiction should be granted.

The individual defendants also move to dismiss plaintiffs' claims under 42 U.S.C. §§ 1985 and 1986, on the basis that plaintiffs have failed to state a claim upon which relief can be granted. In Count IV, plaintiffs al-

---

6. The privileges and immunities clause of the Fourteenth Amendment states: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

7. Article I, § 21 of the Missouri Constitution of 1945 states, "That excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

lege generally that defendants conspired to deprive them of their "civil rights and privileges under the United States and Missouri Constitutions." (Amended Complaint, ¶ 59.) Plaintiffs do not specify which subsection of Section 1985 forms the basis for their claim.[8]

Section 1985 prohibits five different kinds of conspiracies: (1) conspiracies to interfere with the performance of official duties by federal officers (§ 1985(1)); (2) conspiracies to interfere with the administration of justice in federal courts (first clause of § 1985(2)); (3) conspiracies to interfere with the administration of justice in state courts (second clause of § 1985(2)); (4) private conspiracies to deny any person the enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws" (first clause of § 1985(3)); and (5) conspiracies to interfere with the right to support candidates in federal elections (second clause of § 1985(3)). *Harrison v. Springdale Water & Sewer Comm'n,* 780 F.2d 1422, 1429 (8th Cir.1986) (citing *Kush v. Rutledge,* 460 U.S. 719, 724, 103 S.Ct. 1483, 1486–87, 75 L.Ed.2d 413 (1983)).

As plaintiffs do not allege the conspiracy concerns any federal involvement or interference with the administration of justice in state court, any claim under § 1985 must necessarily fall within the fourth category. Because plaintiffs do not allege they were members of a class which suffers from invidious discrimination, they have failed to state a claim under the first clause of § 1985(3). *See Kush,* 460 U.S. at 726, 103 S.Ct. at 1487–88; *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Harrison,* 780 F.2d at 1429.

Plaintiffs' claims under Section 1986 must also fail. Section 1986 imposes liability on individuals who have knowledge of a conspiracy prohibited by Section 1985, have the power to prevent or aid in preventing the commission of the conspiracy, but neglect or refuse to do so. *See* 42 U.S.C. § 1986. A claim under Section 1986 is dependent on the existence of a valid claim under Section 1985. *See Lewellen v. Raff,* 843 F.2d 1103, 1116 (8th Cir.1988), *cert. denied,* 489 U.S. 1033, 109 S.Ct. 1171, 103 L.Ed.2d 229 (1989) (citing *Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir.1981)). As there is no valid claim under Section 1985 in this case, the Section 1986 claim must also be dismissed.

*Conclusion.* For the reasons stated herein, the Court concludes that plaintiffs should be granted leave to file their First Amended Complaint, and defendants' motion to dismiss the same should be granted. Plaintiffs' request for class certification should be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file first amended complaint is **GRANTED.** [Doc. 8]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file plaintiffs' First Amended Complaint.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss the original complaint is **DENIED as moot.** [Doc. 6]

**IT IS FURTHER ORDERED** that defendants' motion to dismiss the amended complaint is **GRANTED** for the reasons stated in this memorandum and order. [Doc. 10]

**IT IS FURTHER ORDERED** that plaintiffs' request for class certification is **DENIED as moot.**

An appropriate order of dismissal will accompany this memorandum and order.

### ORDER OF DISMISSAL

In accordance with the memorandum and order of this date and incorporated herein,

**IT IS HEREBY ORDERED** that Counts I, II and IV of plaintiffs' First Amended Complaint against defendants the State of Missouri, the Missouri Board of Fund Commissioners, and in their official capacities, Dick Hanson, Missouri Commissioner of Administration; Bob Holden, Missouri Treasurer; Margaret Kelly, Missouri State Auditor; Keith Thornburg, legal representative of the Missouri State Auditor; Jeremiah W. Nixon, Missouri Attorney General; Mel Carnahan,

---

**8.** As with the other claims set forth in plaintiffs' Amended Complaint, this claim is sorely lacking in the fundamental allegations essential to a well-pleaded complaint.

Governor of the State of Missouri; and Roger W. Wilson, Lieutenant Governor of the State of Missouri, are **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Counts I, II and IV of plaintiffs' First Amended Complaint against Dick Hanson, Bob Holden, Margaret Kelly, Keith Thornburg, Jeremiah W. Nixon, Mel Carnahan, and Roger W. Wilson, in their individual capacities, are **DISMISSED.**

**IT IS FURTHER ORDERED** that Count III of plaintiffs' First Amended Complaint is **DISMISSED.**